SUSAN DURHAM SPENCE v. JAMES ROBERT DURHAM AND WIFE, FAYE MUNDY DURHAM, RONALD KENNETH SPENCE, RICHARD T. SPENCE AND WIFE, FRANCES HAWKINS SPENCE

No. 7221DC564

(Filed 25 October 1972)

1. Constitutional Law § 26— foreign custody order — full faith and credit

The trial court erred in finding that a child custody order entered in Georgia was not entitled to full faith and credit.

2. Divorce and Alimony § 22— foreign custody order — child physically present in this State — jurisdiction of courts in this State

Even if a child custody order entered in another state is entitled to full faith and credit, the courts of this State have jurisdiction to enter orders providing for the custody of children affected by such order when they are physically present in this State. G.S. 50-13.5(c)(2)a; G.S. 50-13.7.

3. Divorce and Alimony § 22— modification of custody order — changed circumstances

A child custody order may be modified upon appropriate findings of fact showing changed circumstances substantially affecting the welfare of the child.

4. Divorce and Alimony § 24— modification of foreign custody order — error

The evidence does not support the findings of fact and the findings of fact do not support the court's judgment modifying a child custody order which had been entered in another state.

APPEAL by defendants from *Clifford, District Judge,* 13 December 1971 Session of District Court held in FORSYTH County.

Plaintiff instituted this action on 25 May 1971 seeking custody of two children born of her marriage to defendant, Ronald Spence.

In January of 1969, Ronald Spence instituted an action in the Superior Court of Cobb County, Georgia, seeking a divorce from plaintiff and custody of the children. In February 1969, a temporary order was entered in that court placing the children in the custody of their paternal grandparents, defendants Richard Spence and Frances Spence. The maternal grandparents, James Robert Durham and Faye Mundy Durham, were allowed to intervene in the Georgia action insofar as it related to custody of the children. On 2 June 1969, judgment was en-

tered in the Superior Court of Cobb County, Georgia. The divorce was granted. The court ordered that the custody of the children be taken from both parents and placed in the custody of their maternal and paternal grandparents. All the parties were represented by counsel and the judgment was signed as approved and consented to by attorneys for each of the parties. All of the parties except the Durhams were residents of Cobb County, Georgia. The Durhams reside in Winston-Salem, North Carolina. The Georgia judgment generally placed custody of the children in the paternal grandparents (Spences) during vacation periods and gave the Durhams custody during the school months, with provisions for interim visitation.

Plaintiff continued to reside in Georgia until the Fall of 1970. She consulted attorneys about a suit in the Georgia court to regain custody of the children. Plaintiff testified that she was advised by counsel to move elsewhere and that she did, in the Fall of 1970, moved to Winston-Salem for the purpose of obtaining custody of the children.

The complaint in the present action was filed on 25 May 1971, just a few days before the children were due, under the terms of the Georgia judgment, to return to the home of their paternal grandparents in Georgia. Judge Clifford, without notice to defendants, apparently heard plaintiff or her attorneys *ex parte* and on 24 May 1971, signed an order which, among other things in effect forbade compliance with the order of the Georgia court in that it specifically prohibited the removal of the children from Forsyth County. The order also ordered that all pleadings be impounded and revealed to no one except parties to the action. The complaint and order were filed the following day. On 20 July 1971, Judge Clifford signed an order placing the children in the custody of plaintiff pending trial and final disposition of the controversy.

The case came on for hearing before Judge Clifford on 13 December 1971. Judgment was entered on 31 January 1972, awarding exclusive custody of the children to plaintiff and forbidding the removal of the children from the State of North Carolina by any person other than the plaintiff. Defendants, James Robert Durham and Faye Mundy Durham, did not appeal, having previously filed answer in which they expressed their willingness to comply with the order of the Georgia court or such changes in that order as the District Court of Forsyth County might deem to be in the best interest of the children.

Defendants, Ronald Kenneth Spence, Richard T. Spence and Frances Hawkins Spence, appealed.

*Hudson, Petree, Stockton, Stockton & Robinson by Norwood Robinson and White and Crumpler by Fred G. Crumpler for plaintiff appellee.*

*Womble, Carlyle, Sandridge & Rice by W. P. Sandridge, Jr., for Mr. and Mrs. James Robert Durham, appellees.*

*Hatfield, Allman and Hall by Roy G. Hall, Jr. for defendant appellants.*

VAUGHN, Judge.

[1, 2]  Among other things, the trial judge held that "the document entered on June 2, 1969 in Cobb County, Georgia does not constitute a judgment entitled to full faith and credit. . . . " To so hold constituted patent error. However, the judge did correctly conclude that, even if the judgment was entitled to full faith and credit, the courts of this State have jurisdiction to enter orders providing for the custody of minor children when they are physically present in this State. G.S. 50-13.5 (c) (2) a and G.S. 50-13.7.

[3]  It is well settled that upon appropriate findings of fact showing changed circumstances substantially affecting the welfare of the children, the court may modify a prior order awarding custody. The burden is upon the party seeking modification of the order to show the changed circumstances which substantially affect the welfare of the children.

[4]  The record on appeal in this proceeding consists of 403 pages. It is neither necessary nor desirable to review the evidence set out in this record and, because of its nature, we have elected not to do so. It suffices to say that the evidence does not support the findings of fact and that the findings of fact do not support the judgment. The judgment of the Superior Court of Cobb County, Georgia remains in full force and effect. The judgment and orders of the District Court of Forsyth County purporting to modify the same are reversed.

Reversed.

Judges PARKER and GRAHAM concur.