JAMES EDWIN KING III v. REBECCA FAYE KING DEMO

No. 7826DC551

(Filed 17 April 1979)

1. **Divorce and Alimony § 26.3— foreign custody order—child in N. C.—jurisdiction to modify order**

   A minor child's physical presence in N. C. was sufficient to confer jurisdiction upon the trial court to modify a foreign custody decree. G.S. 50-13.5(c)(2).

2. **Divorce and Alimony § 26.2— foreign child custody order—changed circumstances**

   Plaintiff met his burden of proving a sufficient change of circumstances to warrant a modification of a Colorado custody order entered four years earlier where plaintiff offered evidence that defendant mother's husband beat the child with a belt a few days prior to the hearing, that other incidents of abuse had occurred within the last three years, that the child feared defendant's husband, that the child desired to reside with plaintiff, and that plaintiff had remarried since the custody order was entered.

3. **Divorce and Alimony § 23.9— child custody proceeding—character of mother's second husband—evidence admissible—objection waived**

   In an action to modify a Colorado decree giving custody of the parties' child to defendant, the trial court did not err in admitting evidence as to the prior arrest record and abusive behavior of defendant's husband, since such evidence had a direct bearing on the child's environment and welfare, and since the evidence was admissible to impeach the testimony of defendant's husband that the child had received bruises from playing and not from any blows he dealt; moreover, defendant waived any objection she might have had to the evidence where similar evidence was admitted without objection.

4. **Divorce and Alimony § 25.12— visitation privileges—denial during residency in Japan—insufficiency of findings**

   The trial court erred in failing to make findings to support its denial of any visitation privileges to defendant during a three year period when she planned to live in Japan.

APPEAL by defendant from *Brown, Judge.* Order entered 31 January 1978 in District Court, MECKLENBURG County. Heard in the Court of Appeals 8 March 1979.

This is an appeal from an order modifying a Colorado custody decree.

The plaintiff and the defendant were married in 1967. One minor child, James Edwin King IV, was born to the marriage. The parties were divorced in Colorado on 29 April 1970. The divorce

decree awarded custody of the minor child to the defendant and granted the plaintiff specific visitation privileges. On 19 July 1973 an order confirming custody in the defendant was entered in the Colorado court with the consent of the plaintiff.

The defendant remarried Mr. Demo; however, the evidence is in conflict as to when the remarriage took place. The defendant testified that she married Mr. Demo in September 1973, while Mr. Demo testified that he married the defendant on 21 September 1972.

Plaintiff remarried in 1975 and moved to North Carolina where he has since resided.

Evidence for the plaintiff tended to show the following: That in May of 1977, the defendant left Mr. Demo because of his excessive drinking and his physical abuse of her and that the minor child stayed with his grandparents in Burlington and his father in Charlotte from 4 May 1977 until August 1977 when defendant and Mr. Demo reconciled; that on or about 13 December 1977, the minor child was struck with a belt and belt buckle by Mr. Demo causing severe bruises on the minor child's back; that on 16 December 1977 the minor child arrived in North Carolina for a Christmas visitation period with the plaintiff; that while visiting his paternal grandparents in Burlington on 16 December 1977, the grandmother discovered the bruises on the minor child's back while he was dressing and the minor child told the plaintiff and his grandmother that Mr. Demo had beat him with the belt and belt buckle; that the minor child did not want to tell the plaintiff or his grandmother how he received the bruises for fear that Mr. Demo would beat him upon his return to Colorado.

On 22 December 1977, temporary custody of the minor child was granted to the plaintiff on the ground that the child was an apparent victim of physical abuse in an *ex parte* proceeding in Mecklenburg County District Court, pending a full hearing on the merits.

On 26 January 1978, this action was tried in the District Court of Mecklenburg County, North Carolina. Dr. Michael J. Grode, a pediatrician in Charlotte, testified at this hearing that the bruises on the minor child's back could not have been caused accidentally and were caused by the minor child being struck

with an object such as a belt and belt buckle. The minor child did not testify at the hearing but the parties stipulated that the court could interview the child privately and include in its findings and use as a partial basis for any order the court might enter some or all of the information that the court gathered from interviewing the minor child. The parties further stipulated that any findings based on such interview could not be raised on appeal, as the evidence would not be in the record. The parties also stipulated that the Colorado order was entitled to full faith and credit in North Carolina.

On 31 January 1978 a final order was entered granting custody of the minor child to the plaintiff on the ground that a substantial change of circumstances had occurred since the entry of the 1973 Colorado order and that it would be in the best interest of the child to be in the custody of plaintiff. The court found that the defendant and her husband planned to move to Japan for three years in conjunction with Mr. Demo's employment and concluded that the denial of visitation privileges during this period was appropriate. However, defendant was allowed a 7-day visitation period with the child prior to her departure for Japan.

From the entry of this order, defendant appealed.

*Hicks & Harris, by Richard F. Harris III, for plaintiff appellee.*

*Walter C. Benson, for defendant appellant.*

CARLTON, Judge.

[1] The defendant first contends that the trial court improperly exercised jurisdiction. We do not agree.

This action was commenced on 22 December 1977 by the plaintiff. On that date, the minor child was physically present in North Carolina.

The applicable statute is G.S. 50-13.5(c)(2). That statute provides in part as follows:

(2) The courts of this State shall have jurisdiction to enter orders providing for the custody of a minor child when:

a. The minor child resides, has his domicile, *or is physically present in this State* . . . . (Emphasis added.)

Cases decided under G.S. 50-13.5(c)(2) have established that the minor child's physical presence in this State is sufficient to confer jurisdiction upon the courts to modify foreign custody decrees. *See Pruneau v. Sanders*, 25 N.C. App. 510, 214 S.E. 2d 288 (1975), *cert. denied*, 287 N.C. 664, 216 S.E. 2d 911 (1975); *Spence v. Durham*, 16 N.C. App. 372, 191 S.E. 2d 908, *revd. on other grounds*, 283 N.C. 671, 198 S.E. 2d 537 (1973); *cert. denied*, 415 U.S. 918, 39 L.Ed. 2d 473, 94 S.Ct. 1417 (1974); 5 Strong, N. C. Index 3d, Divorce and Alimony, § 26.3, p. 372.

In the case at bar, the trial court properly exercised jurisdiction and the denial of the defendant's motion to dismiss on jurisdictional grounds was proper.

[2] The defendant next contends that the plaintiff failed to meet the burden of proving a sufficient change of circumstances to warrant a modification of the Colorado custody order pursuant to G.S. 50-13.7(b). That statute provides as follows:

(b) When an order for custody or support, or both, of a minor child has been entered by a court of another state, a court of this State may, upon gaining jurisdiction, and upon a showing of changed circumstances, enter a new order for support or custody which modifies or supersedes such order for custody or support.

The party moving for modification of a custody order has the burden of showing that there has been a substantial change of circumstances affecting the welfare of the child. *King v. Allen*, 25 N.C. App. 90, 212 S.E. 2d 396 (1975), *cert. denied*, 287 N.C. 259, 214 S.E. 2d 431 (1975). The defendant contends that the plaintiff relied on various incidents of corporal punishment against the minor child by Mr. Demo as constituting "changed circumstances." She argues that the incidents complained of all occurred prior to the 1973 Colorado custody order and were therefore considered by the Colorado court in entering its order awarding custody to the defendant and were not properly before the North Carolina court.

The trial judge however, in his findings of fact, based his decision to modify the custody order on the specific belt beating

incident of December 1977, other incidents of abuse occurring within the last three years, the child's fear of Mr. Demo, the child's desire to reside with the plaintiff and the plaintiff's remarriage. There is ample evidence from the record to support the judge's findings in this case. The plaintiff has met the burden of proving changed circumstances and this assignment of error is therefore overruled.

[3] The defendant's next assignment of error is that the trial judge improperly admitted evidence as to the prior arrest record and abusive behavior of Mr. Demo. We do not agree.

On cross-examination of the defendant, the following exchange took place:

> Q. You know he has been tried a couple of times for assault, don't you, and disorderly conduct?
>
> A. No, I don't know about that.
>
> Q. You don't know anything about that?
>
> A. No, I don't.
>
> Objection. Objection overruled.

After this exchange, the defendant testified without objection that, "I have taken out an assault warrant against him once or twice in January or February of 1977."

During cross-examination of a neighbor of the defendant, this exchange took place:

> Q. You are aware that Mr. Demo has struck his wife before, are you not?
>
> A. Yes, I am.

Prior to this dialogue, other evidence was admitted without objection or exception concerning Mr. Demo striking his wife.

In *Shelton v. R.R.*, 193 N.C. 670, 139 S.E. 232 (1927) Justice Brogden, speaking for the Court, stated the well established rule that when evidence is admitted over objection, but the same evidence has theretofore or thereafter been admitted without objection, the benefit of the objection is ordinarily lost.

Even had the benefit of the objection not been lost, the evidence of Mr. Demo's arrest and physical abuse would be relevant and admissible in this child custody proceeding. "One of the commonest methods of impeachment is by showing that the witness's character is bad, . . . or by eliciting on cross-examination specific incidents of the witness's life tending to reflect upon his integrity or general moral character." 1 Stansbury, N.C. Evidence 2d (Brandis Rev. 1973), § 43, p. 122. Bad moral character, including specific instances of misconduct, may be established through cross-examination as a ground for impeachment. 1 Stansbury, N.C. Evidence 2d (Brandis Rev. 1973), § 42, p. 121. The character of Mr. Demo was more than a collateral issue in this child custody proceeding. His presence and conduct in defendant's home had a direct bearing on the child's environment and welfare. Having testified at the hearing that the child received bruises from playing and not from any blows he dealt, his testimony was subject to impeachment as any other witness's testimony would be.

[4] We agree with defendant, however, that there are insufficient findings to support the trial court's denial to her of any visitation privileges with the child during the three-year period of her residency in Japan. The findings are sufficient to support the other restrictions on visitation ordered by the trial court, *i.e.*, limiting the visits to Mecklenburg or Alamance counties, providing that the child not be in the presence of Mr. Demo, requiring the child to sleep in his father's or paternal grandparents' home, preventing defendant from removing the child from either county or the state for any reason, and providing that plaintiff or someone designated by him be with the child and defendant during visits except for reasonable daylight hours. Such restrictions are consistent with the trial court's findings and are obviously designed to assure compliance with the two major thrusts of the order, *to wit*, that plaintiff have sole custody of the child and that the child not be subjected to further physical abuse by Mr. Demo.

However, the denial of visitation between mother and child under the restrictions stated for a three-year period is wholly inconsistent with the trial court's findings and with established law.

Unless the child's welfare would be jeopardized, courts should be generally reluctant to deny all visitation rights to the

King v. Demo

divorced parent of a child of tender age. *Swicegood v. Swicegood,* 270 N.C. 278, 154 S.E. 2d 324 (1967); *In re Custody of Stancil,* 10 N.C. App. 545, 179 S.E. 2d 844 (1971).

Moreover, G.S. 50-13.5(i) provides as follows:

In any case in which an award of child custody is made in a district court, the trial judge, prior to denying a parent the right of reasonable visitation, *shall make a written finding of fact that the parent being denied visitation rights is an unfit person to visit the child or that such visitation rights are not in the best interest of the child.* (Emphasis added.)

In the case at bar, the trial court clearly failed to meet the requirements of the italicized portion of the statute. To the contrary, the trial court made, in part, the following findings:

18. The defendant loves her son and no evidence is before this Court of any physical abuse of the minor child by the defendant.

26. The defendant is a fit and proper person to have custody of the minor child.

36. The defendant is a caring and loving mother.

38. It would not be in the best interests of the minor child for there to be visitation rights with the minor by the defendant *in Japan.* (Emphasis added.)

The court then made, in part, the following conclusions of law:

5. The defendant is a fit and proper person to have custody of said minor child and to have visitation privileges with said minor child.

In the dispositive portion of the order, the court ordered, in part, as follows:

5. The defendant shall have no visitation privileges from June 1, 1978, until the defendant returns to the United States from Japan, but the defendant shall have the right to contact said minor child by telephone or letter and said contact shall not be limited or infringed upon by the plaintiff.

Since there are no findings of fact or conclusions of law to support the dispositive provision of number 5 above, the order must be remanded for further proceedings to comply with G.S. 50-13.5(i) *with respect to that portion of the order above.*

The defendant next contends, in a broadside assignment of error, that the trial court's remaining findings of fact are not supported by the evidence. The findings of the trial judge, who has the opportunity to see and hear the witnesses, are binding on appellate courts if supported by competent evidence. *Blackley v. Blackley*, 285 N.C. 358, 204 S.E. 2d 678 (1924). Upon a review of the record, we hold that the findings of the trial judge are supported by competent evidence.

The decision of the trial judge in child custody proceedings ought not to be upset on appeal absent a clear showing of abuse of discretion. *See In re Mason*, 13 N.C. App. 334, 185 S.E. 2d 433 (1971), *cert. denied*, 280 N.C. 495, 186 S.E. 2d 513 (1972). Except as stated with respect to visitation rights, we find no error in the trial judge's exercise of discretion.

Defendant's remaining assignment of error is not argued in her brief, therefore that assignment of error is deemed abandoned under Rule 28(b)(3) of the North Carolina Rules of Appellate Procedure.

The order appealed from is

Affirmed in part, vacated in part and remanded.

Judges VAUGHN and HEDRICK concur.