ELLAVENE M. FOY v. HOWARD J. FOY

No. 8326DC974

(Filed 19 June 1984)

1. **Divorce and Alimony § 21.3— failure to comply with alimony order "willful"—sufficiency of evidence**

    The evidence before the trial court was sufficient to support a finding that defendant's failure to provide alimony payments as provided by a judgment was willful where the evidence tended to show that defendant is a licensed electrical contractor; defendant's present wife is the legal owner of an electric company; defendant performs managerial services for that company; although defendant receives no salary directly from the company for his services, his wife receives both salary and profits which she in turn gives to defendant in the form of "support"; advertisements appearing in the telephone directory have listed defendant as the owner of the electrical company; in licensing renewal applications defendant has at various times referred to himself as "owner" and "manager" of the company; defendant began receiving social security benefits in the amount of $411 per month in December 1982; defendant has an interest, shared with his wife, in two savings certificates in the amounts of $2,626.91 and $10,000, as well as in a home having a value of approximately $88,000. This and other evidence introduced at trial provided ample support for the court's finding that defendant's failure to meet his alimony obligations of $40 per week has been willful.

2. **Divorce and Alimony § 21— order finding arrearages in alimony and finding contempt not in conflict with previous order**

    An order finding defendant to be in willful contempt of court and finding defendant in arrears on his alimony payments in no way varied or conflicted with an earlier order.

APPEAL by defendant from *Brown, Judge.* Order entered 28 April 1983 in District Court, MECKLENBURG County. Heard in the Court of Appeals 6 June 1984.

This is an action on a consent judgment entered on 5 October 1970 pursuant to which defendant agreed to pay plaintiff the sum of $40.00 per week as permanent alimony. On 8 February 1983 plaintiff filed a "motion for contempt and increase in alimony," in which she asserted that defendant was in arrears on his alimony payments in the amount of $25,380.00 plus interest. On 25 April 1983 defendant filed an answer and countermotion in which he denied the material allegations in plaintiff's motion and requested that the prior court order be modified "so as to eliminate or substantially decrease the defendant's alimony obligation." The matter came on for hearing on 25 April 1983, and the court

entered an order on 28 April in which it found defendant to be in *willful contempt of the court order dated 5 October 1970.* Judge Brown directed that defendant be committed to the Mecklenburg County Jail for thirty days, such term to be stayed upon defendant's compliance with certain specified conditions, including immediate payment of $6,000.00 to the Clerk of Superior Court and payment of regular weekly sums thereafter. Because the parties had abandoned their motions for a modification of the amount of defendant's monthly alimony obligations, the court made no ruling in this regard. Defendant appealed.

*Curtis, Millsaps & Chesson, by Joe T. Millsaps, for plaintiff, appellee.*

*Ellis M. Bragg for defendant, appellant.*

HEDRICK, Judge.

We note at the outset defendant's failure to comply with Rule 28, North Carolina Rules of Appellate Procedure, in regard to the preparation of his brief. Counsel's failure to identify in the brief the assignments of error and exceptions forming the basis for questions presented renders the task of an appellate court more difficult, and the appeal subject to dismissal. Nevertheless, we turn to a consideration of the merits of the three questions argued by defendant on appeal.

[1] Defendant first contends that "the evidence before the trial Court was insufficient to support a finding that Mr. Foy's failure to comply with the Judgment of October 5, 1970 was 'willful.'" Examination of the judgment reveals the following finding of fact made by the trial court and excepted to by defendant:

> 34. That whether from the defendant's Social Security benefits alone, or from funds derived from his business over which he has control, the defendant has had the ability during each and every month after April of 1977 to have paid some amounts of the $40.00 per week alimony obligations to the plaintiff and his failure to do so has been willful.

It is well-settled that findings of fact made by the court in contempt proceedings are conclusive on appeal if supported by any competent evidence in the record. *Clark v. Clark,* 294 N.C. 554, 243 S.E. 2d 129 (1978). *See also Lee v. Lee,* 37 N.C. App. 371, 246

S.E. 2d 49 (1978). Our examination of the record reveals ample support for Judge Brown's above-quoted finding of fact:

Defendant has been continuously licensed as an electrical contractor since 1946, and he is a "qualified person" as that term is defined by the State Board of Examiners of Electrical Contractors. Defendant's present wife, Diane Foy, is the legal owner of "Foy and Son Electric Company," for which defendant serves as the "qualified person" required by the rules and regulations issued by the State Board of Examiners. These regulations require that a "qualified person" supervise and direct all electrical work performed under his license, and that he be "regularly on active duty in the licensee's place of business." It is uncontroverted that defendant performs managerial services for Foy and son, and that he "looks at" various jobs performed by company employees. While Mr. Foy receives no salary directly from the company for his services, his wife, as legal owner and employee, receives both salary and profits, which she in turn gives to defendant in the form of "support." Furthermore, advertisements appearing in the telephone directory have listed defendant as the owner of Foy and Son, as did the Charlotte city directory for the years 1978 and 1980. In licensing renewal applications since 1977 defendant has at various times referred to himself as "owner" and "manager" of the company.

We think this and other evidence presented to the trial court provides ample support for the court's findings that defendant is the "actual owner" of Foy and Son, and that defendant has attempted to avoid his alimony obligations by "claiming legal ownership of his assets in his present wife." Even if we held this evidence insufficient to support such a finding, however, the result would be no different. The evidence establishes beyond peradventure that defendant has at all times since April, 1977, rendered services to the company which were essential to its operation, and for which defendant could have demanded direct and substantial compensation. Defendant's own testimony, taken as true, supports the court's finding that Mr. Foy has at all times had the ability to pay plaintiff the sum of $40.00 per week, and that his failure to do so has been willful.

Apart from Mr. Foy's interest in Foy and Son, the record contains substantial evidence of other assets in which defendant

has an interest. In December, 1982, defendant began to receive Social Security benefits in the amount of $411.00 per month. Defendant's testimony revealed that no portion of this sum is required for his personal expenses, such expenses having been borne in the past by defendant's wife, by means of sums received at least in part from Foy and Son. Further, defendant has an interest, shared with his wife, in two saving certificates in the amounts of $2,626.91 and $10,000.00, as well as in a home having a value of approximately $88,000. This and other evidence introduced at trial provides ample support for the court's finding that defendant's failure to meet his alimony obligations has been willful. This assignment of error is without merit.

[2]   Defendant next assigns error to "the inquiry into matters prior to the Order of April 25, 1977 . . . in that the Order of April 25, 1977 was res judicata on all matters prior to that date." Defendant's reference is to an order entered by Judge Saunders on 22 April 1977, which held that defendant was indebted to plaintiff in the sum of $13,940.00, but refused to find defendant in contempt "in that he has not had the means with which to comply with the prior Orders of this Court for the support of his wife." Defendant now contends that evidence regarding certain business and property dealings conducted by him prior to April 1977 was improperly admitted by Judge Brown, arguing that "[f]or the Court in the instant case to consider matters prior to April 22, 1977, in concluding that the Defendant was in contempt of Court as of April 28, 1983, is to nullify the specific provisions of the April 22, 1977 Order."

Defendant's contentions in regard to this argument are unpersuasive. It is important to note that the order appealed from found defendant to be indebted to plaintiff in the sum of $12,560.00 "for the period of April 18, 1977 through Friday, April 29, 1983." Judge Brown's order in no way varied or conflicted with the order of April, 1977, which continues to be dispositive of the issues tried out before Judge Saunders, i.e., whether defendant should be held in contempt for failure to fulfill alimony obligations accruing prior to April, 1977. The 1977 order does not, contrary to defendant's contentions, render all evidence introduced at that hearing inadmissible at later hearings. Nor does it grant defendant permanent immunity from enforcement of his contrac-

tual and legal obligations. The assignment of error is without merit.

Defendant's final argument raises the question of the sufficiency of the evidence to support numerous findings of fact made by the trial judge. We have carefully examined the record in relation to each of the challenged findings, and hold that each finding is adequately supported by competent evidence. While we see little to be gained by an exhaustive discussion of each challenged point, we note that many of the findings of fact which defendant has excepted to may be summed up in a single sentence: defendant has since April, 1977, deliberately attempted to secrete his assets so as to avoid his alimony obligations. Our examination of the evidence reveals overwhelming support for the court's findings in this regard. Indeed, the record before us demonstrates, in our opinion, that the defendant has too long successfully avoided his obligations under the legitimate orders of the court. The order appealed from is

Affirmed.

Chief Judge VAUGHN and Judge WELLS concur.