VALERIE A. GLESNER v. MICHAEL DEMBROSKY, JOHN DEMBROSKY AND VIVIAN DEMBROSKY

No. 844DC716

(Filed 19 March 1985)

1. **Contempt of Court § 5.1; Appearance § 2— civil contempt—show cause order waived by appearance**

   In a child visitation action in which plaintiff was held in contempt for failure to obey a prior court order, plaintiff waived her objection to the lack of a show cause order or notice by appearing at the hearing, presenting substantial evidence on the issues of which she claims no notice, and stipulating to jurisdiction in the record on appeal. G.S. 5A-23(a) (1981).

2. **Contempt of Court § 6.2— disobedience of child visitation order—sufficiency of the evidence**

   In a child visitation dispute in which plaintiff was found in contempt for not obeying a prior court order, the evidence supported the court's findings that plaintiff had the ability to comply with the terms of a prior order; had never given defendants, the paternal grandparents, a useful telephone number; had refused to let them talk to the child when they discovered the correct number; had refused to allow in-person visitation; and that defendants

Glesner v. Dembrosky

recognized the inappropriateness of their behavior with the child and would not continue it in the future. Plaintiff did not move for a change in visitation due to changed circumstances, but waited until the last minute to deny visitation; the parties may not cease compliance with judgments at whatever time they may see fit. G.S. 50-13.5 (1984), G.S. 50-13.7 (1984).

**3. Contempt of Court § 6.3— civil contempt—no authority to award damages**

The court did not have the authority to direct plaintiff to pay the out of state defendants' travel costs in an order holding plaintiff in contempt for not obeying a prior visitation order. Contempt is a wrong against the State, and monies collected for contempt go to the State alone.

APPEAL by plaintiff from *Martin, Judge*. Judgment entered 11 April 1984 in ONSLOW County District Court. Heard in the Court of Appeals 15 February 1985.

Under an order entered by a New Jersey court, defendants John and Vivian Dembrosky, the paternal grandparents of Michael Mullen, were given certain visitation rights with Michael.

Subsequent to the entry of the New Jersey order, plaintiff sought to have defendants' visitation rights terminated. The Onslow County District Court entered an order on 13 December 1982 giving the New Jersey order full faith and credit and continuing defendants' visitation rights. In that order, plaintiff was also ordered to keep defendants advised as to her telephone number so that defendants might exercise telephone visitations with Michael.

On 12 January 1984, defendants filed a motion in Onslow County District Court in which they alleged that plaintiff was denying defendants' visitation rights and prayed that the court hold plaintiff in civil contempt. At a hearing held pursuant to defendants' motion on 15 March 1984, both sides presented extensive evidence. The trial court found that plaintiff had wrongfully denied defendants' visitation rights and that plaintiff's disobedience to the court's prior order was wilful. The court's order stated that plaintiff was in wilful contempt and ordered plaintiff to serve a jail sentence of thirty days, suspended on stated terms of compliance.

From that order, plaintiff has appealed.

*Warlick, Milsted, Dotson & Carter, by John T. Carter, Jr., for plaintiff.*

*Collins and Howard, by Jill R. Howard, for defendants.*

WELLS, Judge.

**[1]** Plaintiff first challenges the jurisdiction of the trial court, on the grounds that no order or notice commanding her to appear and show cause was ever issued. Such an order or notice is required by N.C. Gen. Stat. § 5A-23(a) (1981):

> (a) Proceedings for civil contempt are either by the order of a judicial official directing the alleged contemnor to appear at a specified reasonable time and show cause why he should not be held in civil contempt or by the notice of a judicial official that the alleged contemnor will be held in contempt unless he appears at a specified reasonable time and shows cause why he should not be held in contempt. The order or notice must be given at least five days in advance of the hearing unless good cause is shown. . . .

Subject matter jurisdiction is conferred on the district court elsewhere, N.C. Gen. Stat. § 5A-23(b) (1981); the quoted provisions clearly govern exercise of jurisdiction over the person. *Compare* N.C. Gen. Stat. § 1A-1, Rule 4 of the Rules of Civil Procedure (summons to appear); *Childress v. Forsyth County Hospital Auth.*, 70 N.C. App. 281, 319 S.E. 2d 329 (1984), *disc. rev. denied*, 312 N.C. 796, 235 S.E. 2d 484 (1985). Objections to lack of jurisdiction over the person may be waived by voluntary appearance. N.C. Gen. Stat. § 1-75.7 (1983). We have recently held that this includes objections to the notice required by G.S. § 5A-23. *Bethea v. McDonald*, 70 N.C. App. 566, 320 S.E. 2d 690 (1984). *See also Lowder v. Mills, Inc.*, 301 N.C. 561, 273 S.E. 2d 247 (1981) (appearance waives right to object to procedure). Plaintiff never objected below to lack of an order or notice. Plaintiff appeared at hearing and presented substantial evidence on the issues of which she claims no notice; in addition, she stipulated to jurisdiction in the record on appeal. She thereby waived her objection to the lack of notice. *Bethea v. McDonald, supra.* The assignment is overruled.

**[2]** With one exception, plaintiff's remaining assignments of error challenge the sufficiency of the evidence to support the trial

court's findings of fact and in turn the conclusions of law. It is well settled that in contempt proceedings the trial court's findings of fact are conclusive on appeal when supported by any competent evidence and are reviewable only for the purpose of passing on their sufficiency to warrant the judgment. *Clark v. Clark*, 294 N.C. 554, 243 S.E. 2d 129 (1978); *Foy v. Foy*, 69 N.C. App. 213, 316 S.E. 2d 315 (1984). The trial court is not required to make separate conclusions of law. N.C. Gen. Stat. § 5A-23(e) (1981). *Compare* N.C. Gen. Stat. § 1A-1, Rule 52(a) of the Rules of Civil Procedure. Contempt proceedings are not a form of punishment, but serve to ensure obedience to orders of the court. *Jolly v. Wright*, 300 N.C. 83, 265 S.E. 2d 135 (1980). Therefore, it is essential that the alleged contemnor have the means to comply, and that the court so find, before she can be found in contempt. *Henderson v. Henderson*, 307 N.C. 401, 298 S.E. 2d 345 (1983).

We have reviewed the record and conclude that the findings are supported by the evidence and that they support the order. There was evidence that plaintiff never gave defendants a useful telephone number, and that after defendants discovered the correct number when they called, plaintiff refused to let them talk to Michael. These actions effectively and completely frustrated the court-ordered telephone visitation. The court's finding that plaintiff refused to allow in-person visitation as ordered is amply supported by the evidence. Compliance with the literal terms of the order was clearly within plaintiff's physical ability, as the court found. Nothing else appearing, the order adjudging plaintiff in contempt was entirely proper.

The thrust of plaintiff's arguments, on appeal and below, is that defendants' conduct justified non-compliance or justified insisting on additional conditions of compliance. Such an argument should properly have been brought before the court by a motion for change in visitation due to changed circumstances. *See* N.C. Gen. Stat. §§ 50-13.5, 50-13.7 (1984). Plaintiff made no such motion. The trial court could properly have refused to hear her evidence. *See Lowder v. Mills, Inc.*, 45 N.C. App. 348, 263 S.E. 2d 624 (1980) (only question in show cause hearing is whether order violated), *rev'd on other grounds*, 301 N.C. 561, 273 S.E. 2d 247 (1981). Nevertheless, the court heard the evidence and made findings accordingly. Again, these findings are conclusive if supported by

any competent evidence. *Searl v. Searl*, 34 N.C. App. 583, 239 S.E. 2d 305 (1977).

The trial judge heard a great deal of evidence concerning defendants' behavior with Michael, including extensive psychiatric testimony. We find that there was competent evidence that defendants recognized the inappropriateness of their behavior and would not continue it in the future. This supports the court's finding that defendants were willing to cease the objectionable behavior.

The real problem, from plaintiff's perspective, is that the court ordered in-person visitation to continue despite defendants' past behavior. We recognize that courts of law cannot hope to regulate ongoing domestic relationships in a manner satisfactory to all concerned. *See Clark v. Clark, supra.* Nevertheless, the trial courts have the duty to decide domestic disputes, guided always by the best interests of the child and judicial objectivity. *Id.* To that end, trial courts possess broad discretion to fashion custodial and visitation arrangements appropriate to the particular, often difficult, domestic situations before them. *Pruneau v. Sanders*, 25 N.C. App. 510, 214 S.E. 2d 288, *cert. denied*, 287 N.C. 664, 216 S.E. 2d 911 (1975). The decision of the trial judge, who sees and hears the witnesses and observes their demeanor, ought not to be upset on appeal absent a clear showing of abuse of that discretion. *King v. Demo*, 40 N.C. App. 661, 253 S.E. 2d 616 (1979). On this record, we conclude that plaintiff has failed to make such a showing.

Like the trial court, we find persuasive the facts that plaintiff had allowed visitation previously, despite admitted knowledge of the grounds now raised, and that plaintiff waited to the last minute to deny visitation. The integrity of the court system and its judgments demands that parties may not cease compliance with judgments at whatever times they may see fit. *Gates v. Gates*, 69 N.C. App. 421, 317 S.E. 2d 402 (1984), *aff'd*, 312 N.C. 620, 323 S.E. 2d 920 (1985) (per curiam). Under compelling equitable circumstances, we have remanded for further proceedings where literal compliance with a contempt order would result in injustice. *Id.* The present record does not disclose such circumstances.

[3] The only assignment requiring further discussion involves the court's directive that plaintiff pay into court defendants' travel expenses, in attending the hearing on defendants' motion,

for reimbursement to defendants. A North Carolina court has no authority to award damages to a private party in a contempt proceeding. *Records v. Tape Corp. and Broadcasting System v. Tape Corp.*, 18 N.C. App. 183, 196 S.E. 2d 598, *cert. denied*, 283 N.C. 666, 197 S.E. 2d 880 (1973). *Compare* 17 Am. Jur. 2d *Contempt* § 113 (1964) (majority rule apparently *contra*). Contempt is a wrong against the state, and moneys collected for contempt go to the state alone. *In the matter of Rhodes*, 65 N.C. 518 (1871). That portion of the order accordingly constituted error and must be vacated.

The record before us reflects a conscientious and objective effort by the trial judge to reach a fair result in a trying situation. We conclude that the order represents a reasonable solution in the best interests of the child. The order appealed from is therefore affirmed, except for the one erroneous directive requiring plaintiff to pay defendants' travel expenses, which is vacated.

Affirmed in part; vacated in part.

Judges WHICHARD and BECTON concur.