DEBORAH RAE MOONEY, Plaintiff,
v.
MICHAEL DAVID MOONEY, Defendant.
No. COA08-998.
Court of Appeals of North Carolina.
Filed May 19, 2009.
This case not for publication
Arlaine Rockey, for plaintiff-appellant.
The Sutton Firm, P.A., by Emily Sutton Dezio, for defendant-appellee.
MARTIN, Chief Judge.
Plaintiff appeals from an order modifying a permanent custody order. In the order from which appeal is taken, the trial court granted defendant sole custody of the parties' child and denied plaintiff visitation. We affirm.
When the child was born in 1999, plaintiff and defendant were married, but the parties divorced in October 2004. In a consent order entered 28 January 2005 in the district court seated in Henderson County, Judicial District 29B ("the trial court"), the trial court granted plaintiff sole custody of the child and granted defendant visitation every other weekend during the daytime. On 29 June 2005, the trial court entered a "Custody Modification Consent Order" which reduced defendant's visitation to the second Saturday of every month.
On 9 March 2006, plaintiff filed a motion seeking to temporarily prohibit all contact between defendant and the child on allegations that defendant had sexually abused the child. On 5 April 2006, defendant filed a "Motion to Modify Child Custody/Child Support[,] Motion for Contempt" seeking sole custody on allegations that plaintiff was harming the child as a result of a psychological disorder, "such as Munchausen by Proxy," and that plaintiff refused to allow defendant any contact with the child. On 6 June 2006, plaintiff filed a motion for attorney's fees pursuant to N.C.G.S. § 50-13.6. On 22 June 2006, the trial court entered a consent order requiring the parties and the child to undergo psychological evaluations. On 30 June 2006, the trial court entered a temporary order granting defendant visitation every Monday for one-and-a-half-hours pending the evaluations. The parties and the child were subsequently evaluated by Dr. Smith Goodrum.
On 16 October 2006, defendant filed a motion seeking emergency ex parte custody on allegations that Dr. Goodrum reviewed the results of his evaluations with defendant that day, that the evaluations revealed that defendant should have sole custody of the child, and that plaintiff might flee with the child. In a temporary order entered the following day, and after reviewing Dr. Goodrum's recommendations, the trial court appointed a parenting coordinator, granted the parties joint legal custody, and divided physical custody between the parties until 6 November 2006, the date all pending matters were scheduled for trial.
On 6 November, the trial court entered a "Temporary Memorandum of Judgment/Order" which stated that the parties "reached an agreement to settle certain matters." The order granted the parties joint legal custody and divided physical custody on a weekly basis. The trial court formally entered the "Temporary Order" on 20 November 2006.
On 17 July 2007, defendant filed a "Renewed Motion to Modify Child Custody/Child Support[,] Motion for Contempt." Defendant alleged that since plaintiff's custody had been restricted by the 6 November 2006 order, and with the help of the parenting coordinator, the child had "made remarkable progress." Defendant also alleged that, since the entry of the 6 November 2006 order, plaintiff had shown the child pictures of defendant's "' private parts'"; the child had recanted the sexual abuse allegations; and the Henderson County Department of Social Services had investigated additional allegations of abuse and had "opted not to pursue the allegations." Defendant also alleged that plaintiff had become "enmeshed with the child to the point where the child is suffering emotional harm." Defendant sought both sole custody and an order holding plaintiff in contempt for her alleged failure to comply with the 17 October 2006 order. The trial court ordered plaintiff to appear on 27 August 2007 and to show cause why she should not be held in contempt for violating the October order. On 20 August 2007, defendant filed a "Motion [for] Emergency Ex Parte Relief" seeking temporary custody on allegations that plaintiff did not transfer custody of the child to plaintiff as required by the trial court's orders. The trial court granted defendant's motion the same day. The next day, plaintiff filed an "Emergency Ex Parte Motion" seeking to vacate the prior day's order and seeking sole custody of the child. Plaintiff alleged that "[t]he child has made new and recent disclosures" of sexual abuse and that, accordingly, she filed a report on 17 August 2007 with the Buncombe County Department of Social Services. On 23 August 2007, the trial court vacated the order granting defendant's motion for emergency ex parte relief and scheduled a trial on all pending matters for 27 August 2007.
On the morning of 27 August, plaintiff filed a reply to defendant's 20 August 2007 motion and a motion for attorney's fees. In the reply, plaintiff alleged that the trial court no longer had subject matter jurisdiction over the custody proceeding because, on 17 August 2007 in the district court seated in Buncombe County, Judicial District 28 ("the Buncombe County court"), plaintiff had filed a petition to terminate defendant's parental rights to the child. Plaintiff made the same argument at the beginning of the trial, but the trial court proceeded to hear evidence. The trial did not conclude on 27 August, and the trial court continued the matter until 6 November 2007.
Plaintiff filed a motion to stay the trial on 29 October 2007, again on the ground that the filing of the petition to terminate defendant's parental rights in the Buncombe County court divested the trial court of subject matter jurisdiction. In the alternative, plaintiff sought an order transferring the trial to Buncombe County. The trial court denied the motion on 31 October 2007.
The trial resumed on 6 November 2007 and continued for several days. In an order entered 7 January 2008, the trial court concluded that there had been a substantial change in circumstances "[s]ince the entry of the consent order of 2005," found that it was in the child's best interest to be placed in defendant's sole custody, and found that it was not in the child's best interest to grant plaintiff visitation. The trial court denied plaintiff's motion for attorney's fees. Plaintiff appeals.

Subject Matter Jurisdiction
Plaintiff first argues that the trial court's order must be vacated because the Buncombe County court acquired subject matter jurisdiction over the termination proceeding; therefore, plaintiff argues, the automatic stay provisions of N.C.G.S. §§ 50-13.1(i) and 7B-200(c) divested the trial court of subject matter jurisdiction. See N.C. Gen. Stat. § 50-13.1(i) (2007) ("If the child whose custody is the subject of an action under this Chapter also is the subject of a juvenile abuse, neglect, or dependency proceeding pursuant to Subchapter 1 of Chapter 7B of the General Statutes, then the custody action under this Chapter is stayed as provided in G.S. 7B-200."); N.C. Gen. Stat. § 7B-200(c) (2007) ("When the court obtains jurisdiction over a juvenile as the result of a petition alleging that the juvenile is abused, neglected, or dependent . . . [a]ny other civil action in this State in which the custody of the juvenile is an issue is automatically stayed as to that issue . . . ."). The subject matter jurisdiction of a trial court is a matter of law, which is reviewable de novo on appeal. Ales v. T. A. Loving Co., 163 N.C. App. 350, 352, 593 S.E.2d 453, 455 (2004).
The Buncombe County court ultimately dismissed plaintiff's petition to terminate defendant's parental rights. Plaintiff appealed that decision to this Court. In a decision filed 18 November 2008, we held that the Buncombe County court never acquired subject matter jurisdiction over the termination proceeding. In re M.R.M., ___ N.C. App. ___, 671 S.E.2d 70, 2008 WL 4911892 at *2 (2008) (unpublished) ("[T]he [Buncombe County court] never obtained jurisdiction in this action, and its orders were void ab initio.") (citing In re T.R.P., 360 N.C. 588, 598, 636 S.E.2d 787, 795 (2006)). Plaintiff did not appeal this Court's decision to the North Carolina Supreme Court. Accordingly, since the Buncombe County court never acquired jurisdiction in the termination proceeding, the custody proceeding in the trial court was not automatically stayed. The assignments of error upon which this argument is based are overruled.

Substantial Change of Circumstances
Next, plaintiff argues that the trial court erred in concluding that there had been a substantial change of circumstances since the entry of the 29 June 2005 permanent custody order.
Our courts have held that "the modification of a custody decree must be supported by findings of fact based on competent evidence that there has been a substantial change of circumstances affecting the welfare of the child, and the party moving for such modification assumes the burden of showing such change of circumstances."
Ford v. Wright, 170 N.C. App. 89, 93, 611 S.E.2d 456, 459 (2005) (quoting Blackley v. Blackley, 285 N.C. 358, 362, 204 S.E.2d 678, 681 (1974)); see also N.C. Gen. Stat. § 50-13.7(a) (2007) ("[A]n order of a court of this State for custody of a minor child may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party or anyone interested."). In reviewing an order which modifies an existing permanent custody order, "the appellate courts must examine the trial court's findings of fact to determine whether they are supported by substantial evidence." Shipman v. Shipman, 357 N.C. 471, 474, 586 S.E.2d 250, 253 (2003). "'Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Shipman, 357 N.C. at 474, 586 S.E.2d at 253 (quoting State v. Smith, 300 N.C. 71, 7879, 265 S.E.2d 164, 169 (1980)). If there is substantial evidence in the record to support the trial court's findings of fact, the court's findings are conclusive on appeal, even if record evidence "'might sustain findings to the contrary.'" Pulliam v. Smith, 348 N.C. 616, 625, 501 S.E.2d 898, 903 (1998) (quoting Williams v. Pilot Life Ins. Co., 288 N.C. 338, 342, 218 S.E.2d 368, 371 (1975)). In support of its conclusion that "there has been a substantial change of circumstances" since the entry of the 29 June 2005 order, the trial court found that, on 14 February 2006, plaintiff reported to the Transylvania Department of Social Services that defendant had sexually abused the child. The court further found that the child had alternatively corroborated and denied plaintiff's report. However, the trial court found that the child's "verbal accounts of molestation are descriptions of a concept, and not of a memory of real events, and that the concept has been put in his mind, whether by suggestion, or by clumsy questioning, or deliberately, by [plaintiff]." The court found that plaintiff's behavior in instilling the concept of molestation in the child's mind constituted "a form of child abuse." Finally, the trial court found that "despite the lack of objective evidence, despite the lack of non-verbal indicia of abuse, and despite the child's own denial that it happens, she still maintains that molestation takes place more or less every time [defendant] has access to the child."
From our review of the record, we conclude that the trial court's findings are supported by substantial evidence. The findings, therefore, are conclusive on appeal, even if record evidence "'might sustain findings to the contrary.'" Pulliam, 348 N.C. at 625, 501 S.E.2d at 903 (quoting Williams, 288 N.C. at 342, 218 S.E.2d at 371). Moreover, we conclude that the court's findings support its conclusion that there had been a substantial change of circumstances since the entry of the 29 June 2005 order in that plaintiff had attempted to instill in the child the belief that defendant perpetrated acts of sexual abuse when, in fact, no such abuse occurred. Accordingly, the assignments of error upon which this argument is based are overruled.

Best Interest
Next, plaintiff contends the trial court erred in concluding that it was in the child's best interest to grant defendant sole custody and to deny plaintiff visitation. Specifically, plaintiff argues (1) that the trial court "erred in failing to use the clear, cogent and convincing evidence burden of proof to find [plaintiff] unfit before denying her visitation"; (2) that the trial court erred "by failing to limit [its] best interest inquiry to the state of events that existed prior to the [entry of the 17 October 2006 temporary order]"; and (3) that the trial court "should have applied the doctrines of judicial estoppel or equitable estoppel to prevent [defendant] from asserting or benefitting from" certain evidence concerning the child's best interest.
[T]rial courts have the duty to decide domestic disputes, guided always by the best interests of the child and judicial objectivity. To that end, trial courts possess broad discretion to fashion custodial and visitation arrangements appropriate to the particular, often difficult, domestic situations before them. The decision of the trial judge, who sees and hears the witnesses and observes their demeanor, ought not to be upset on appeal absent a clear showing of abuse of that discretion.
Glesner v. Dembrosky, 73 N.C. App. 594, 598, 327 S.E.2d 60, 63 (1985) (citations omitted); Mason v. Dwinnell, ___ N.C. App. ___, ___, 660 S.E.2d 58, 71 (2008) ("It is well established that the district court's determination regarding the best interest of the child will not be disturbed unless there is an abuse of discretion.") (citing Dixon v. Dixon, 67 N.C. App. 73, 76, 312 S.E.2d 669, 672 (1984)). "A ruling committed to a trial court's discretion is to be accorded great deference and will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision." White v. White, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985).
Additionally,
[i]n any case in which an award of child custody is made in a district court, the trial judge, prior to denying a parent the right of reasonable visitation, shall make a written finding of fact that the parent being denied visitation rights is an unfit person to visit the child or that such visitation rights are not in the best interest of the child.
N.C. Gen. Stat. § 50-13.5(i) (2007). A trial court may only deny visitation under the "best interest" prong of N.C.G.S. § 50-13.5(i) "[o]nce conduct that is inconsistent with a parent's protected status is proven." Moore v. Moore, 160 N.C. App. 569, 573, 587 S.E.2d 74, 76 (2003).
We first address plaintiff's argument that the trial court "erred in failing to use the clear, cogent and convincing evidence burden of proof to find [plaintiff] unfit before denying her visitation." We agree with plaintiff that the trial court did not find that plaintiff was an unfit person to visit the child. However, the trial court did find that it was not in the child's best interest to grant plaintiff visitation. Plaintiff mistakenly contends that this finding was erroneous because "[t]here was no finding that [plaintiff] acted inconsistently with her constitutionally-protected status as a parent." Such a finding is not required under either N.C.G.S. § 50-13.5(i) or Moore. Rather, before denying a parent visitation, and upon proof of conduct inconsistent with a parent's protected status, a trial court is only required to make a finding that it is not in a child's best interest to grant a parent visitation. Plaintiff does not argue that there was no proof of conduct inconsistent with plainiff's protected status. Accordingly, plaintiff's first argument is rejected.
We next address plaintiff's contention that the trial court erred "by failing to limit [its] best interest inquiry to the state of events that existed prior to the [entry of the 17 October 2006 temporary order]." In support of this argument, plaintiff relies exclusively on the fourth footnote in LaValley v. LaValley, 151 N.C. App. 290, 564 S.E.2d 913 (2002). In that footnote, Judge Greene, "a recognized authority on children's law in North Carolina," In re Stumbo, 357 N.C. 279, 295, 582 S.E.2d 255, 265 (2003) (Martin, J., concurring), wrote that "[w]hen a temporary order is entered without prejudice in a custody proceeding, the trial court is required to ascertain the child's best interests at a subsequent hearing based only on the state of events that existed prior to the date of the temporary order." LaValley, 151 N.C. App. at 292 n.4, 564 S.E.2d at 915 n.4 (citing Black's Law Dictionary 1603 (6th ed. 1990)). The facts of LaValley are readily distinguishable, and that case does not stand for the proposition that the entry of a temporary custody order after the entry of a permanent custody order prevents a trial court from ascertaining a child's best interest based on the "state of events" that existed after the entry of the temporary order. Regardless, the fourth footnote in LaValley constitutes dicta and is, thus, not binding on this Court in this case. Accordingly, this argument is misplaced.
Finally, we address plaintiff's assertion that the trial court "should have applied the doctrines of judicial estoppel or equitable estoppel to prevent [defendant] from asserting or benefitting from" certain evidence concerning the child's best interest. Plaintiff has not shown this Court that she raised this argument in the trial court, and we will not address this argument for the first time on appeal. Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co., 362 N.C. 191, 195-96, 657 S.E.2d 361, 364 (2008) ("[A] party's failure to properly preserve an issue for appellate review ordinarily justifies the appellate court's refusal to consider the issue on appeal."). We discern no abuse of discretion in the trial court's best interest determination, and the assignments of error upon which this argument is based are overruled.

Attorney's Fees
Finally, plaintiff contends the trial court erred by denying her motion for attorney's fees.
In an action or proceeding for the custody . . . of a minor child, including a motion in the cause for the modification or revocation of an existing order for custody . . ., the court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit.
N.C. Gen. Stat. § 50-13.6 (2007). In this case, the trial court found that "the facts do not permit the court to find, by the greater weight of the evidence, that [plaintiff] has proceeded in good faith." Plaintiff argues that this finding is manifestly unsupported by reason because the court's "findings that the child was not sexually abused and that [plaintiff] programmed the child" were not supported by evidence. Because we concluded, above, that the court's findings were supported by evidence, this argument is meritless.
AFFIRMED.
Judges CALABRIA and STEELMAN concur.
Report per Rule 30(e).