SEA RANCH II OWNERS ASS'N v. SEA RANCH II, INC.

[180 N.C. App. 230 (2006)]

⸻

SEA RANCH II OWNERS ASSOCIATION, INC., PLAINTIFF v. SEA RANCH II, INC., DEFENDANT

No. COA05-1593

(Filed 7 November 2006)

**1. Appeal and Error— appealability—arguments addressed in companion appeal**

Although plaintiff contends the trial court erred by enforcing the 15 March 2004 order, finding it in contempt, and awarding sanctions based on the order allegedly being void and unenforce-

SEA RANCH II OWNERS ASS'N v. SEA RANCH II, INC.

[180 N.C. App. 230 (2006)]

able, this assignment of error is overruled because these arguments have already been addressed in the appeal for a companion case.

**2. Contempt— civil—findings of fact—conclusions of law— sufficiency**

The trial court did not err in a civil contempt case by its findings of fact and conclusions of law, because: (1) although plaintiff contends the 15 March order was a consent judgment rather than a court order so that civil contempt would not be a remedy for failure to comply, the trial court made clear in the order itself that it was a court order; and (2) it is implicit in finding of fact 8 that plaintiff had the means to comply with the pertinent portions of the order and willfully refused to do so.

**3. Costs— attorney fees—civil contempt**

The trial court erred in a civil contempt case by awarding attorney fees in favor of defendant, because: (1) courts can award attorney fees in contempt matters only when specifically authorized by statute; (2) the trial court's award of attorney fees in this case was not authorized by any statute; and (3) although defendant contends its motion for contempt was an action for allowance of costs in the court's discretion under N.C.G.S. § 6-20 and for costs as a matter of course under N.C.G.S. § 6-18, the Court of Appeals has already held that a proceeding for contempt is by no means a civil action or proceeding to which either of these statutes would apply.

Appeal by plaintiff from orders entered 30 September 2004 and 24 June 2005 by Judge Jerry R. Tillett in the Superior Court in Dare County. Heard in the Court of Appeals 12 September 2006.

*Wyrick, Robbins, Yates & Ponton, L.L.P., by K. Edward Greene and Alyssa M. Chen, and Hoyle & Stroud, L.L.P., by William S. Hoyle, for plaintiff.*

*Stallings & Bischoff, P.C., by Steven C. Frucci, pro hac vice, and Bradford J. Lingg, for defendant.*

HUDSON, Judge.

On 20 September 2000, plaintiff Sea Ranch Owners Association, Inc., filed a complaint seeking past-due maintenance and special assessments from 1990 forward from defendant Sea Ranch II, Inc. In

November 2002, the court granted defendant's motion for partial summary judgment as to past-due assessments from 1990 to 1999. The matter came on for jury trial in November 2003. At the close of all evidence, the parties announced that they had reached a settlement agreement, the terms of which were stated in open court on 19 November 2003. Defendant drafted a proposed consent judgment, but plaintiff refused to sign it and defendant moved for entry of judgment. At the motion hearing on 28 January 2004, plaintiff repudiated the terms of the settlement in open court. On 15 March 2004, the court entered an order determining settlement terms between the parties and attaching the draft of the consent judgment prepared by defendant and containing red-line changes by plaintiff. On 18 May 2004, defendant filed a motion for contempt of court order. On 30 September 2004, the court found plaintiff in contempt of the 15 March 2004 order. On 19 November 2004, plaintiff moved for relief from the judgment pursuant to Rule 60(b), which motion the court denied. On 18 May 2004, defendant moved for a contempt of court order, and the court entered an order finding plaintiff in contempt of the 15 March order and reserved the imposition of attorney's fees for contempt for a later hearing. By order entered 24 June 2005, the court awarded attorney's fees to defendant. Plaintiff appeals. As discussed below, we affirm in part and reverse in part.

Sea Ranch II is an interval ownership condominium development organized pursuant to Chapter 47A of the North Carolina General Statutes and governed by its Declaration of Unit Ownership. The declaration requires unit owners and the developer to pay various assessments. Plaintiff manages the development and collects assessments. Defendant is the developer and owns several of the units. The owner's association instituted this action to collect past due assessments from the defendant.

[1] Plaintiff first argues that the court erred in enforcing the 15 March 2004 order and finding it in contempt and awarding sanctions because the 15 March 2004 is void and unenforceable. We have addressed these arguments in a companion appeal (COA 05-1528) and overruled them.

[2] Plaintiff also argues that the court's findings of fact and conclusions of law are insufficient to support an order of contempt. We do not agree.

Civil contempt is a remedy for "[f]ailure to comply with an order of a court." N.C. Gen. Stat. § 5A-21 (2004). Plaintiff asserts that the 15

March order was a consent judgment, rather than a court order, and thus contempt was improper. However, the 15 March order was not a consent order, but a court order as the trial court made clear in the order itself. Decretal portion 3 states:

> That this Order is in accordance with the original compromise and settlement agreement effectuated in open court on November 19, 2003 and not necessarily entirely or completely consistent with any proposed consent order or judgment previously drafted by the parties.

Thus, this portion of plaintiff's brief is inapposite.

As to the sufficiency of the court's findings and conclusions, plaintiff argues that the trial court failed to make any finding that it had the ability to comply with the 15 March order or that any noncompliance was willful. "When reviewing a trial court's contempt order, the appellate court is limited to determining whether there is competent evidence to support the trial court's findings and whether the findings support the conclusions." *Shumaker v. Shumaker*, 137 N.C. App. 72, 77, 527 S.E.2d 55, 58 (2000). Civil contempt may be found when 1) an order remains in effect; 2) noncompliance is willful; and 3) the noncomplying party has the ability to comply with the order. N.C. Gen. Stat. § 5A-21 (2004). In addition,

> although explicit findings are preferable, they are not absolutely essential where the findings otherwise indicate that a contempt order is warranted. An order is sufficient if it is implicit in the court's findings that the delinquent obligor both possessed the means to comply and willfully refused to do so.

*Shumaker*, 137 N.C. App. at 76, 527 S.E.2d at 58.

Here, finding of fact 8 states that plaintiff failed to withdraw or dismiss a companion case where "the documents to dismiss the appeal were available and ready to be filed[,]" and failed to dismiss a claim of lien although "the dismissal had been prepared and was ready to be filed." It is implicit in finding 8 that plaintiff had the means to comply with these portions of the order and willfully refused to do so. This assignment of error is without merit.

[3] Plaintiff also argues that the court's findings of fact and conclusions of law are insufficient to support imposition of attorney fees. We agree.

"Generally speaking, '[a] North Carolina court has no authority to award damages to a private party in a contempt proceeding. Contempt is a wrong against the state, and moneys collected for contempt go to the state alone.' " *Blevins v. Welch*, 137 N.C. App. 98, 103, 527 S.E.2d 667, 671 (2000) (quoting *Glesner v. Dembrosky*, 73 N.C. App. 594, 599, 327 S.E.2d 60, 63 (1985)). Courts can award attorney fees in contempt matters only when specifically authorized by statute. *Id.*

Here, the trial court's award of attorney fees is not authorized by any statute. Defendant contends that attorney fees were proper because the 15 March order specifically authorized the parties to "seek reasonable attorneys [sic] fees for the necessity of enforcing that compromise and settlement of all claims effectuated on November 19, 2003." However, in its 24 June 2005 order, the trial court states that it is awarding attorney fees as "sanctions to be imposed on the plaintiff for said Contempt of Court Order." This the trial court lacks the authority to do.

Defendant also contends that its motion for contempt was an action for allowance of costs in the court's discretion pursuant to N.C. Gen. Stat. § 6-20, and for costs as a matter of course pursuant to N.C. Gen. Stat. § 6-18. However, this Court has held that "a proceeding as for contempt is by no means a civil action or proceeding to which G.S. 6-18 (when costs shall be allowed to plaintiff as a matter of course), or G.S. 6-20 (allowance of costs in discretion of court) would apply." *United Artists Records, Inc. v. Eastern Tape Corp.*, 18 N.C. App. 183, 188, 196 S.E.2d 598, 602, *cert. denied*, 283 N.C. 666, 197 S.E.2d 880 (1973). *See also Lee Cycle Ctr., Inc. v. Wilson Cycle Ctr., Inc.*, 143 N.C. App. 1, 13, 545 S.E.2d 745, 752, *affirmed*, 354 N.C. 565, 556 S.E.2d 293 (2001) ("section 6-20 does not authorize a trial court to include attorney's fees as a part of the costs awarded under that section, unless specifically permitted by another statute.") The court's 24 June order awarding attorney fees is reversed.

Affirmed in part, reversed in part.

Judges WYNN and TYSON concur.