FIRST MOUNT VERNON INDUSTRIAL LOAN ASSOCIATION, a Virginia Industrial Loan Association, Plaintiff v. PRODEV XXII, LLC, a Virginia Limited Liability Company, JONATHAN E. FRIESEN, Substitute Trustee, NORRIS G. DILLAHUNT, SR. a/k/a NORRIS G. DILLAHUNT and HELEN M. DILLAHUNT, Defendants

No. COA10-8

(Filed 4 January 2011)

**1. Appeal and Error— interlocutory orders and appeals—contempt for failure to respond to subpoena—substantial right**

An order holding a non-party in contempt for noncompliance with a discovery order (failure to appear for a deposition after being subpoenaed) affected a substantial right and was immediately appealable.

**2. Contempt— failure to respond to subpoena—findings—willfulness and lack of adequate excuse—distinguished**

The trial court did not err by finding a non-party in willful contempt for not appearing for a deposition after being served with a subpoena. Defendant's contention concerning the failure to find willful disobedience referred to contempt under N.C.G.S. § 5A-11(a)(3) rather than the basis for the court's findings, N.C.G.S. § 1A-1, Rule 45(e). Rule 45(e) refers to the lack of an adequate excuse, of which there was no evidence in this case.

## 3. Contempt— failure to appear at deposition—civil rather than criminal contempt

A non-party appellant was held in civil rather than criminal contempt where he did not appear for a deposition after being subpoenaed, and the trial court held him in contempt under N.C.G.S. § 1A-1, Rule 45(e). The ultimate purpose of contempt under Rule 45(e) is to obtain compliance with subpoenas issued for the benefit of parties to a civil action.

## 4. Contempt— failure to respond to subpoena—sanctions

The trial court erred by imposing attorney fees as a contempt sanction against a non-party who did not respond to a subpoena and appear at a deposition. Under the plain language of N.C.G.S. § 1A-1, Rules 45(e)(1) and 37(d), parties who fail to obey a subpoena without adequate cause are subject to sanctions.

## 5. Attorney Fees— contempt—failure to appear for subpoena —no statutory basis for award

An award of attorney fees as a contempt sanction against a non-party for failing to respond to a subpoena and appear at a deposition was remanded. The trial court found the non-party in contempt under N.C.G.S. § 1A-1, Rule 45(c), which did not authorize an award of attorney fees under the circumstances of this case.

Appeal by non-party Norris G. Dillahunt, Jr. from orders entered 15 April 2009 and 28 April 2009 by Judge Benjamin G. Alford in Craven County Superior Court. Heard in the Court of Appeals 19 August 2010.

*The Law Offices of Lonnie M. Player, Jr., PLLC, by Lonnie M. Player, Jr., for plaintiff-appellee.*

*Mills & Economos, L.L.P., by Larry C. Economos, for Norris G. Dillahunt, Jr., appellant.*

*No brief filed on behalf of ProDev XXII, LLC.*

GEER, Judge.

Plaintiff First Mount Vernon Industrial Loan Association ("FMV") and defendant ProDev XXII, LLC each filed motions seeking to have

non-party appellant Norris G. Dillahunt, Jr. ("Dillahunt") held in contempt of court under N.C.R. Civ. P. 45(e)(1) for failure to appear for a deposition in accordance with a duly served subpoena. Dillahunt appeals from the orders granting the motions and ordering him, pursuant to N.C.R. Civ. P. 37(d), to pay attorneys' fees and expenses associated with the deposition and the motion. While the trial court could properly hold Dillahunt in contempt of court under Rule 45(e)(1) for failure, without adequate excuse, to obey the subpoena, we hold that the trial court could not impose sanctions against non-party Dillahunt under Rule 37(d) because Rule 45(e)(1) specifically provides that such sanctions may only be imposed on a party to the action. We, therefore, affirm in part and reverse and remand in part.

## Facts

Plaintiff FMV commenced this action on 6 May 2008 by filing a complaint against defendants ProDev, substitute trustee Jonathan E. Friesen, Norris G. Dillahunt, Sr., and Helen M. Dillahunt, seeking judicial foreclosure on two pieces of real property and nullification of fraudulent liens. A deed of trust on one of the tracts of property ("the primary property") secured a note pursuant to which FMV had loaned ProDev $275,000.00. Norris G. Dillahunt, Sr. and Helen M. Dillahunt (Dillahunt's parents) had signed a personal guaranty of the note that was secured by an indemnity deed of trust on real property held by the guarantors ("the guaranty property").

The complaint alleged that ProDev was in default on the note and sought to foreclose on both the primary property and the guaranty property. The complaint further alleged that Norris G. Dillahunt, Sr. had caused certain fraudulent liens to be placed on the guaranty property for the purpose of encumbering the guaranty property and hindering legitimate creditors.

On 8 August 2008, Dillahunt and his wife, Josietta Dillahunt, filed an action against, among others, FMV and ProDev collaterally attacking FMV's foreclosure action. Dillahunt and his wife alleged that they lived on the primary property. They claimed that title to the primary property had been fraudulently transferred to ProDev and sought to have title returned to them.

On 8 January 2009, Helen M. Dillahunt was deposed in this action. As a result of that deposition, FMV and ProDev determined that they needed to depose Dillahunt, who was not a party to this action. On 13 February 2009, Dillahunt was served with a subpoena and notice of

**FIRST MOUNT VERNON INDUS. LOAN ASS'N v. PRODEV XXII, LLC**

[209 N.C. App. 126 (2011)]

video deposition to be held in New Bern, North Carolina on 24 February 2009. Dillahunt failed to appear for the deposition.

On 11 March 2009, FMV filed a motion, pursuant to Rules 45 and 37(d), seeking an order holding Dillahunt in contempt and requiring Dillahunt, in order to purge himself of contempt, to submit to a deposition and to pay FMV's attorneys' fees and costs associated with Dillahunt's failure to comply with the subpoena. On 23 March 2009, ProDev also moved under Rule 45(e) and Rule 37(d) for an order holding Dillahunt in contempt and seeking an award of attorneys' fees. The trial court entered a separate order for each motion.

On 15 April 2009, the court granted FMV's motion. The trial court found that Dillahunt was properly served with the subpoena scheduling his deposition for 24 February 2009, but that Dillahunt failed to appear for that deposition "without good cause and despite his having been subpoenaed to do so." The court found that FMV's expenses associated with the failed deposition and the motion were $4,600.00. This total included attorneys' fees of $4,400.00 (representing 16 hours of attorney time billed at $275.00 per hour) and $200.00 for the court reporter's appearance fee and preparation of the certificate of non-appearance.

The trial court then made a single conclusion of law:

> Having made the preceding Findings of Fact, the Court now, therefore, concludes as a matter of law, pursuant to Rule 45(e)(1) of the North Carolina Rules of Civil Procedure, that the failure of Norris G. Dillahunt, Jr. to comply with the terms of his Deposition Notice and Subpoena without good cause is an omission in contempt of this Court entitling Plaintiff to sanctions as against Mr. Dillahunt, pursuant to Rule 37(d) of the North Carolina Rules of Civil Procedure, inclusive of a charge of the reasonable expenses associated with the failed deposition, including, but not limited to, an assessment of attorney's fees for said failed deposition as well as for the bringing and argument of this motion and Plaintiff, in the amount of $4,600.00.

The court ordered that Dillahunt could purge himself of the contempt by payment of FMV's fees and costs associated with Dillahunt's failure to comply with the subpoena and with the filing of the motion. The order required Dillahunt to pay the sanction within 30 days of the filing and service of the order. The order did not require Dillahunt to appear for a deposition.

The trial court granted ProDev's motion on 28 April 2009. In the order, the trial court made substantially the same findings of fact as in the FMV order, although, as to ProDev, the court found that its expenses related to the failed deposition and the contempt motion totaled $4,277.52. This amount included $3,878.00 in attorneys' fees (representing 14.8 hours of attorney time billed at $260.00 per hour) and $299.52 in mileage reimbursement for travel by counsel from Raleigh to New Bern for both the deposition and the hearing of the contempt motion. The ProDev order included a conclusion of law almost identical to the one in the FMV order. The court similarly ordered that Dillahunt could purge himself of contempt by paying attorneys' fees and expenses to ProDev's counsel within 30 days. This order also did not require that Dillahunt appear for a deposition. Dillahunt appealed to this Court from both orders on 15 May 2009.

## Discussion

**[1]** Dillahunt first contends that the trial court erred in finding him in contempt of court under Rule 45(e)(1) for failing to appear at the deposition scheduled for 24 February 2009.[1] Rule 45(e) provides:

*Contempt; Expenses to Force Compliance With Subpoena. —*

(1)    Failure by any person without adequate excuse to obey a subpoena served upon the person may be deemed a contempt of court. Failure by any party without adequate cause to obey a subpoena served upon the party shall also subject the party to the sanctions provided in Rule 37(d).

(2)    The court may award costs and attorney's fees to the party who issued a subpoena if the court determines that a person objected to the subpoena or filed a motion to quash or modify the subpoena, and the objection or motion was unreasonable or was made for improper purposes such as unnecessary delay.

In reliance upon Rule 45(e)(1), the trial court, after finding Dillahunt in contempt, awarded attorneys' fees under Rule 37(d), which states:

---

1. While this appeal is interlocutory since the action is still pending, an order holding a party "in contempt for noncompliance with a discovery order or . . . [assessing them] with certain other sanctions," affects a substantial right and is thus immediately appealable. *Cochran v. Cochran*, 93 N.C. App. 574, 576, 378 S.E.2d 580, 581 (1989).

FIRST MOUNT VERNON INDUS. LOAN ASS'N v. PRODEV XXII, LLC

[209 N.C. App. 126 (2011)]

*Failure of party to attend at own deposition or serve answers to interrogatories or respond to request for inspection.*—If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (i) to appear before the person who is to take his deposition, after being served with a proper notice, or (ii) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (iii) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subdivisions a, b, and c of subsection (b)(2) of this rule. In lieu of any order or in addition thereto, the court shall require the party failing to act to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

[2] Dillahunt first argues that the trial court's determination that he was in contempt was not supported by sufficient findings of fact because the order contained no finding that he was "willfully disobedient" in failing to attend the scheduled deposition. Dillahunt appears to be basing his contention on general contempt law. In his brief, Dillahunt cites N.C. Gen. Stat. § 5A-11(a)(3) (2009), which defines "criminal contempt" as including "[w]illful disobedience of, resistance to, or interference with a court's lawful process, order, directive, or instruction or its execution." The trial court, however, did not base its contempt order on N.C. Gen. Stat. § 5A-11(a)(3), but rather on Rule 45(e).[2]

---

2. [3] While both Dillahunt and FMV contend that Dillahunt was held in criminal, and not civil, contempt, we disagree. This Court has stated that " 'since the [F]ederal . . . [R]ules [of Civil Procedure] are the source of [the North Carolina Rules of Civil Procedure], we will look to the decisions of [federal courts] for enlightenment and guidance.' " *Moody v. Sears Roebuck & Co.*, 191 N.C. App. 256, 266, 664 S.E.2d 569, 576 (2008) (quoting *Sutton v. Duke*, 277 N.C. 94, 101, 176 S.E.2d 161, 165 (1970)). Fed. R. Civ. P. 45(e) is essentially identical to the first sentence of the North Carolina version of Rule 45(e). The comment to the federal rule states: "The contempt most often associated with the disobedience of a subpoena is the category of 'civil' contempt, the purpose of which is to enforce compliance in the particular case, with any penalty imposed designed to further the rights of the party in whose behalf the subpoena issued." Fed R. Civ. P. 45(e) cmt. C45-26. *See also United States S.E.C. v. Hyatt*, 621 F.3d 687, 692-93 (7th Cir. 2010) (stating that contempt under Rule 45(e) is civil contempt); *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1342 (8th Cir. 1975) (characterizing contempt for failure to comply with subpoena issued under Rule 45 as

The plain language of Rule 45(e) does not require willful disobedience, but rather provides that a "[f]ailure by any person *without adequate excuse* to obey a subpoena served upon the person may be deemed a contempt of court." (Emphasis added.) Indeed, Dillahunt cites no authority requiring a finding of "willful disobedience" when the contempt order is based on Rule 45(e).

It is an established rule of statutory construction that when "a statute is intelligible without any additional words, no additional words may be supplied." *State v. Camp*, 286 N.C. 148, 151, 209 S.E.2d 754, 756 (1974). As Rule 45(e) contains no express requirement of willfulness, we may not impose such a requirement. *See American Imps., Inc. v. G.E. Employees W. Region Fed. Credit Union*, 37 N.C. App. 121, 124, 245 S.E.2d 798, 800 (1978) (refusing to require finding of willfulness as precondition to imposing sanctions under Rule 37(d) when rule did not include any language referring to willfulness). Consequently, the trial court was required, in this case, to determine only whether Dillahunt lacked "adequate cause" for failing to comply with the deposition subpoena.

Dillahunt does not, however, address whether the trial court had a basis for finding that he lacked adequate cause for failing to comply with the subpoena. At the hearing, Dillahunt presented no evidence explaining his absence. He neither submitted an affidavit nor provided sworn live testimony at the hearing. On appeal, in arguing that he was not "willfully disobedient" in failing to appear for the deposition, Dillahunt relies only upon his own unsworn statements made during oral argument, claiming that his attorney sent him an email that implied the deposition had been postponed for one week. Unsworn statements during oral argument are not evidence. *See Ronald G. Hinson Elec., Inc. v. Union County Bd. of Educ.*, 125 N.C. App. 373, 379, 481 S.E.2d 326, 330 (1997) (stating that "[unsworn] statements by a party's attorney at trial are not considered evidence").[3]

This Court's review of contempt orders "is limited to whether there is competent evidence to support the findings of fact and whether the findings support the conclusions of law." *Adkins v. Adkins*, 82 N.C.

---

being "civil in nature"). Because the ultimate purpose of holding an individual in contempt under Rule 45(e) is to obtain compliance with subpoenas issued for the benefit of parties to a civil action, it is civil in nature.

3. Statements by Dillahunt may, however, be relied upon by opposing parties FMV and ProDev as admissions under Rule 801 of the Rules of Evidence.

App. 289, 292, 346 S.E.2d 220, 222 (1986). Thus, as the record contains no evidence of an adequate excuse for Dillahunt's failure to comply with the subpoena, we must uphold the trial court's finding of fact that Dillahunt lacked an adequate excuse and its decision, based on that finding, to hold Dillahunt in contempt of court pursuant to Rule 45(e) for failure to comply with the deposition subpoena.

**[4]** Dillahunt next argues that, even if the trial court properly held him in contempt, the court erred in imposing sanctions under Rule 37(d) because he was not a party to the action. The first sentence of Rule 45(e)(1) allows a court to hold "any person" in contempt of court. The second sentence, however, provides that when "any party" fails without adequate cause to obey a subpoena served upon "the party," then "the party" is subject to the sanctions set out in Rule 37(d). Dillahunt argues that by referencing "any person" in the first sentence, but "any party" in the second sentence, the General Assembly was expressing an intent to limit the imposition of Rule 37(d) sanctions for violation of a subpoena to parties to the action. We agree.[4]

" 'Statutory interpretation properly begins with an examination of the plain words of the statute.' " *State v. Byrd*, 363 N.C. 214, 219, 675 S.E.2d 323, 325 (2009) (quoting *Correll v. Div. of Soc. Servs.*, 332 N.C. 141, 144, 418 S.E.2d 232, 235 (1992)). "Because the actual words of the legislature are the clearest manifestation of its intent, we give every word of the statute effect, presuming that the legislature carefully chose each word used." *N.C. Dep't of Corr. v. N.C. Med. Bd.*, 363 N.C. 189, 201, 675 S.E.2d 641, 649 (2009).

Here, the General Assembly could have referred to "any person" throughout Rule 45(e)(1), but chose to use the more limiting language of "any party" when talking about Rule 37(d) sanctions. This distinction makes sense as the plain language of Rule 37(d) itself is limited to parties and individuals appearing for a deposition on behalf of parties pursuant to Rule 30(b)(6) or 31(a). Rule 37(d) also authorizes sanctions for conduct that can only be committed by a party, such as a failure to respond to interrogatories.

Rule 37(a) demonstrates further that the General Assembly has purposefully distinguished between parties and non-parties. Rule 37(a) provides for the filing of motions to compel discovery, and Rule 37(a)(1) specifies that such a motion may be directed "to a party or a deponent who is not a party." Rule 37(a)(2) states that "the discovering party may move for an order" compelling discovery "[i]f a

---

4. FMV has conceded this error in its appellee brief.

deponent fails to answer a question propounded or submitted under Rules 30 or 31" or if "a party" fails to answer an interrogatory or fails to permit inspection of documents.

Because Dillahunt was not a party, he was not subject to sanctions under Rule 37(d). We hold that the trial court, therefore, erred in basing its award of attorneys' fees and costs on Rule 37(d).

We note that under Rule 37(a)(4), "[i]f the motion is granted, the court shall, after opportunity for hearing, require the party *or deponent* whose conduct necessitated the motion or the party advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust." (Emphasis added.) Consequently, if FMV and ProDev had filed a motion to compel Dillahunt to appear for his deposition under Rule 37(a), the trial court, upon granting the motion, could have awarded attorneys' fees and expenses as provided under Rule 37(a)(4).

We cannot, however, rely upon Rule 37(a)(4) as a basis for upholding the decision below. FMV's and ProDev's motions did not cite Rule 37(a), the trial court specifically based its decision on Rule 37(d), and the trial court's orders did not compel Dillahunt to submit to the deposition.

**[5]** Even though the trial court could not require Dillahunt to pay attorneys' fees as a sanction under Rule 37(d), we must consider whether the trial court had authority to award attorneys' fees as part of its contempt power. Our courts have consistently held that a court may not require that a person held in contempt pay the opposing party's attorneys' fees in the absence of a statute authorizing the award of attorneys' fees.

In *Blevins v. Welch*, 137 N.C. App. 98, 103, 527 S.E.2d 667, 671 (2000) (quoting *Glesner v. Dembrosky*, 73 N.C. App. 594, 599, 327 S.E.2d 60, 63 (1985)), this Court explained that "[g]enerally speaking, '[a] North Carolina court has no authority to award damages to a private party in a contempt proceeding. Contempt is a wrong against the state, and moneys collected for contempt go to the state alone.' " Our courts may only award attorneys' fees in contempt matters "when specifically authorized by statute." *Id.* (reversing award of attorneys' fees because, in contempt actions involving easements, "there is no specific statutory authorization for the award of attorney's fees"). *See*

*also Moss Creek Homeowners Ass'n v. Bissette*, 202 N.C. App. 222, 233-34, 689 S.E.2d 180, 188 (reversing award of attorneys' fees incurred in enforcing trial court's contempt orders because "[c]ourts can award attorneys' fees in contempt matters only when specifically authorized by statute"), *disc. review denied*, 364 N.C. 242, 698 S.E.2d 402 (2010); *Watson v. Watson*, 187 N.C. App. 55, 69, 652 S.E.2d 310, 320 (2007) ("Generally, attorney's fees and expert witness fees may not be taxed as costs against a party in a contempt action."), *disc. review denied*, 362 N.C. 373, 662 S.E.2d 551 (2008); *Sea Ranch II Owners Ass'n v. Sea Ranch II, Inc.*, 180 N.C. App. 230, 234, 636 S.E.2d 307, 309 (2006) ("Courts can award attorney fees in contempt matters only when specifically authorized by statute."), *disc. review denied*, 361 N.C. 357, 644 S.E.2d 233 (2007).

FMV has not cited any statutory authorization for an award of attorneys' fees based on a finding of contempt under Rule 45(e). We recognize that Rule 45(e)(2) does provide for an award of "costs and attorney's fees to the party who issued a subpoena if the court determines that a person objected to the subpoena or filed a motion to quash or modify the subpoena, and the objection or motion was unreasonable or was made for improper purposes such as unnecessary delay." Here, however, Dillahunt neither objected to the subpoena nor moved to quash the subpoena, as provided in Rule 45(c), and, therefore, Rule 45(c) cannot support the decision below.

We observe, however, that it does not seem reasonable that fees can be awarded with respect to a person who acknowledges but opposes the subpoena, while fees cannot be awarded when a person wholly disregards the subpoena. Nonetheless, given the specific language of Rule 45(e)(2), it does not authorize an award of attorneys' fees under the circumstances in this case. This is a discrepancy that the General Assembly may want to revisit.

Still, we agree with the comment to the federal Rule 45:

It is the contempt remedy that backs a subpoena. There is nothing new about that. When the subpoenaed person is not a party to the action, the threat of contempt is the only remedy, whether the disobedience is of the subpoena itself or of a court order entered somewhere further along the way directing the nonparty to do something. With a party there may be a variety of other sanctions available as well—in the case of a party, more often for the disobedience of a court order than of a subpoena—up to and including the declaration of a default,

see Rule 37(b)(2), but these are threats that impact on the party's interests in the action and they therefore hold no terror for a nonparty. Hence the special role that contempt plays in enforcing subpoenas against nonparty witnesses.

Fed R. Civ. P. 45 cmt. C45-26. Therefore, we must remand to the trial court for a determination of the appropriate sanction given Dillahunt's disregard of the subpoena in this case.

In sum, the trial court properly concluded that Dillahunt was in contempt of court under Rule 45(e) for failing to comply with the subpoena without adequate cause. The court was not, however, permitted to award FMV and ProDev attorneys' fees as part of its order holding Dillahunt in contempt. Therefore, although we affirm the trial court's decision to hold Dillahunt in contempt, we must reverse the award of attorneys' fees and costs and remand both orders for further proceedings regarding the appropriate sanction.

Affirmed in part; reversed and remanded in part.

Judges JACKSON and BEASLEY concur.

Judge JACKSON concurred prior to 31 December 2010.