IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA16-755

 Filed: 21 February 2017

Forsyth County, No. 14 CVS 3654

SEN LI, Plaintiff,

 v.

HENG Q. ZHOU, Defendant.

 Appeal by defendant from order entered 11 April 2016 by Judge David L. Hall

in Forsyth County Superior Court. Heard in the Court of Appeals 24 January 2017.

 Smith Law Group, PLLC, by Matthew L. Spencer and Steven D. Smith for
 Plaintiff-Appellee.

 Bennett and Guthrie, P.L.L.C. by Joshua H. Bennett, for Defendant-Appellant.

 HUNTER, JR., Robert N., Judge.

 Heng Q. Zhou (“Defendant”) appeals the 11 April 2016 order by Judge David

L. Hall in Forsyth County Superior Court holding him in contempt of court and

ordering him to pay Sen Li’s (“Plaintiff”) attorney’s fees and costs related to his

missed depositions and subsequent failure to comply with a court order. After review,

we affirm the trial court’s order.

 I. Facts and Background

 On 13 June 2014, Plaintiff filed a verified complaint alleging civil conspiracy,

actual fraud, constructive fraud, and unjust enrichment against Defendant and Ping
 LI V. ZHOU

 Opinion of the Court

Chung (“Chung”). Li sought to recover formerly foreclosed investment property in

Greensboro, North Carolina, along with actual and punitive damages. Plaintiff and

Defendant purchased the property in 2003 and gave a promissory note and deed of

trust to the sellers. Defendant allegedly convinced the sellers to assign the note and

deed of trust to Chung without notifying Plaintiff. Plaintiff claimed this caused her

to send monthly payments to the wrong party, resulting in default on the note and

then foreclosure.

 Chung timely filed an answer denying all allegations. Defendant, however,

failed to timely respond. Plaintiff moved for entry of default against Defendant on 20

August 2014, and the clerk filed an entry of default. Thereafter, on 15 April 2015,

Plaintiff voluntarily dismissed her claims against Chung.

 To establish evidence of her damages, Plaintiff noticed Defendant’s deposition

for 13 May 2015. In addition, Plaintiff subpoenaed Defendant for this deposition,

with notice given by personal service on Defendant by the county sheriff. On 13 May

2015, Defendant appeared at the deposition. At that time, Plaintiff’s counsel agreed

to continue the deposition until 29 May 2015 in order to hire a Chinese interpreter.

 On 14 May 2015, Plaintiff noticed Defendant’s deposition for 29 May 2015.

Plaintiff subpoenaed Defendant for this deposition by personal service on Defendant.

Defendant failed to appear.

 -2-
 LI V. ZHOU

 Opinion of the Court

 On 26 June 2015, Plaintiff filed a verified motion to show cause why Defendant

should not be held in contempt for failure to appear at the 29 May 2015 deposition.

The motion was scheduled for 10 August 2015. Defendant did not appear for the

hearing, and was subsequently held in civil contempt for “failing to appear and fully

testify” at the 13 May and 29 May 2015 depositions. In an order filed 11 August 2015,

the court ordered Defendant to be deposed on 26 August 2015 and obtain and pay the

cost of an interpreter. Finally, pursuant to Rule 37(d) of the North Carolina Rules of

Civil Procedure, the court ordered Defendant to pay Plaintiff’s attorney’s fees of

$3,176.00 and costs of $379.00 incurred in scheduling, preparing, and appearing at

the two depositions. When Defendant failed to comply, Plaintiff filed a second verified

motion to show cause. A show cause hearing was scheduled for the week beginning

30 November 2015.

 Defendant appeared at the 30 November 2015 calendar call and indicated he

did not understand English. When the judge scheduled a hearing to be held on 1

December 2015, Defendant indicated in English that he understood. At the 1

December hearing, Defendant appeared but “refused to answer questions posed by

the Court.”

 Subsequently, on 2 December 2015, the court found Defendant willfully failed

to comply with the court orders and could have taken “reasonable measures that

would enable him to comply” with these orders. The court found Defendant

 -3-
 LI V. ZHOU

 Opinion of the Court

understood English and was able to understand the proceedings. Further, Defendant

“failed to show the Court any reason as to why he should not be held in contempt of

Court.” The trial court concluded Defendant was in civil contempt of Court and

ordered him to appear for questioning in open court on 8 December 2015 with a

Chinese interpreter and all costs taxed to his expense.

 Defendant appeared at the 8 December 2015 hearing and was deposed through

an interpreter. Unfortunately, the record does not contain a transcript of these or

any other court proceedings. On 11 April 2016, the trial court issued an order

regarding the 8 December 2015 hearing, making the following findings of fact:

 10. During the defendant’s deposition taken in open
 court on December 8, 2015 the Defendant testified that he
 owned 4 vans and that Defendant regularly made trips to
 Harrah’s Casino in Cherokee, North Carolina to gamble.

 ....

 12. Defendant testified that he did not testify at the May
 13, 2015 deposition and appear at May 29, 2015 deposition
 because he was seeking medical treatments for cancer.

 13. The Court allowed the defendant to provide a
 medical excuse or other documentation that would show
 good cause why he did not appear and testify at deposition
 as described above. The defendant provided the Court with
 a manila envelope containing several documents
 apparently printed on a medical provider’s stationary, but
 none of which was sufficient to show good cause why the
 defendant did not appear and testified on the subject dates.

 -4-
 LI V. ZHOU

 Opinion of the Court

 The trial court concluded Defendant’s failure to comply with the 11 August

2015 order “appears to be willful in that he has made no payment to Plaintiff

pursuant to the Order to Appear at Deposition and For Attorney’s fees, and that based

upon his testimony the Defendant appears to have sufficient funds and assets to do

so.” The court ordered Defendant to pay Plaintiff’s attorney’s fees and costs related

to the two missed depositions, related motions, and hearings in the amount of

$7,584.00. The court also ordered Defendant to pay the cost of his interpreter in the

amount of $492.30. Finally, the court ordered Defendant to appear on 6 June 2016

for review to determine whether he complied with the order.

 Defendant filed his notice of appeal on 11 May 2016, naming the 11 April 2016

order, and “to the extent necessary” to appeal the 11 April order, the 2 December and

11 August 2015 orders.

 II. Jurisdiction

 “As a general rule, an order compelling discovery is not immediately

appealable because it is interlocutory and does not affect a substantial right which

would be lost if the ruling is not reviewed before final judgment.” Wilson v. Wilson,

124 N.C. App. 371, 374, 477 S.E.2d 254, 256 (1996). However:

 when a civil litigant is adjudged to be in contempt for
 failing to comply with an earlier discovery order, the
 contempt proceeding is both civil and criminal in nature
 and the order is immediately appealable for the purpose of
 testing the validity of both the original discovery order and
 the contempt order itself where, as here, the contemnor can

 -5-
 LI V. ZHOU

 Opinion of the Court

 purge himself of the adjudication of contempt only by, in
 effect, complying with the discovery order of which he
 essentially complains.

Willis v. Duke Power Co., 291 N.C. 19, 30, 229 S.E.2d 191, 198 (1976). Because

Defendant may only purge himself of contempt by complying with the 11 April 2016

order, appeal of all three orders named in the notice of appeal is properly before this

Court.

 III. Standard of Review

 Defendant contends the trial court relied on incompetent evidence in its 11

April 2016 order holding him in contempt. This Court’s review of a contempt order

is “limited to determining whether there is competent evidence to support the

findings of fact and whether the findings support the conclusions of law.” Williams

v. Chaney, ___ N.C. App. ___, ___, 792 S.E.2d 207, 209 (2016). “In contempt

proceedings the judge’s findings of fact are conclusive on appeal when supported by

any competent evidence and are reviewable only for the purpose of passing on their

sufficiency to warrant the judgment.” Clark v. Clark, 294 N.C. 554, 571, 243 S.E.2d

129, 139 (1978).

 Defendant also asserts the trial court committed errors of law when it required

him to appear for a deposition with no proper purpose, and when it required him to

pay Plaintiff’s legal fees and costs as a condition of purging contempt. “It is a general

rule that orders regarding matters of discovery are within the discretion of the trial

 -6-
 LI V. ZHOU

 Opinion of the Court

court and will not be upset on appeal absent a showing of abuse of discretion.”

Hudson v. Hudson, 34 N.C. App. 144, 145, 237 S.E.2d 479, 480 (1977). An error of

law is by definition an abuse of discretion. Cooter & Gell v. Hartmarx Corp, 496 U.S

384, 405, 110 L. Ed. 2d 359, 382 (1990) (“A district court would necessarily abuse its

discretion if it based its ruling on an erroneous view of the law or on a clearly

erroneous assessment of the evidence.”); Hunter v. Earthgrains Co. Bakery, 281 F.3d

144, 150 (4th Cir. 2002) (“Of course, an error of law by a district court is by definition

an abuse of discretion.”).

 IV. Analysis

A. Findings of Fact

 Defendant challenges the 11 April 2016 order, contending there was no

competent evidence to support the findings (1) Defendant willfully disobeyed the 11

August 2015 order to appear for deposition and (2) Defendant lacked good cause for

failing to appear at the missed depositions. Unfortunately, Defendant failed to order

a transcript of any of the hearings in this case, including the 8 December 2015

hearing. As a result, we are unable to review the evidence Defendant contests.

 North Carolina Rule of Appellate Procedure 9(a) states appellate “review is

solely upon the record on appeal[.]” In compiling the record, the parties must provide

 so much of the litigation, set out in the form provided in
 Rule 9(c)(1), as is necessary for an understanding of all
 issues presented on appeal, or a statement specifying that
 the verbatim transcript of proceedings is being filed with

 -7-
 LI V. ZHOU

 Opinion of the Court

 the record pursuant to Rule 9(c)(2), or designating the
 portions of the transcript to be so filed[.]

N.C.R. App. P. 9(a)(1)(e) (2016). The burden is on the appellant to “commence

settlement of the record on appeal, including providing a verbatim transcript if

available.” State v. Berryman, 360 N.C. 209, 216, 624 S.E.2d 350, 356 (2006).

 The North Carolina Rules of Appellate Procedure are “mandatory and not

directory.” Reep v. Beck, 360 N.C. 34, 38, 619 S.E.2d 497, 500 (2005) (internal

quotation marks and citation omitted). While “every violation of the rules does not

require dismissal of the appeal or the issue,” State v. Hart, 361 N.C. 309, 311, 644

S.E.2d 201, 202 (2007), dismissal for a non-jurisdictional error may be proper,

depending on “whether and to what extent the noncompliance impairs the court’s

task of review and whether and to what extent review on the merits would frustrate

the adversarial process.” Dogwood Dev. & Mgmt. Co, LLC v. White Oak Transp. Co.,

362 N.C. 191, 200, 657 S.E.2d 361, 366-67 (2008).

 Here, Defendant designated in the record the transcript of his 8 December

2015 hearing would be filed with this Court, but failed to file the transcript as

required by N.C.R. App. P. 9(c)(3)(b). Although his error is non-jurisdictional, the

evidence Defendant challenges as insufficient is not before us in the record.

Consequently, we cannot review the trial court’s decision and dismiss this issue.

 B. Attorney’s Fees and Costs

 -8-
 LI V. ZHOU

 Opinion of the Court

 Defendant argues the trial court committed reversible error when it required

him to pay Plaintiff’s legal fees and costs related to the missed depositions and

subsequent litigation as a condition of purging himself of contempt. Defendant is

mistaken.

 Courts can award attorney’s fees in contempt matters when specifically

authorized by statute. Blevins v. Welch, 137 N.C. App. 98, 103, 527 S.E.2d 667, 671

(2000). The trial court based its sanctions on North Carolina Rule of Civil Procedure

37(d), which provides when a party has failed to attend a deposition, “the court shall

require the party failing to act to pay the reasonable expenses, including attorney’s

fees, caused by the failure, unless the court finds that the failure was substantially

justified or that other circumstances make an award of expenses unjust.” N.C. Gen.

Stat. § 1A-1, Rule 37(d) (2015). This Court has previously recognized when a party

to an action fails to comply with a discovery order, attorney’s fees may be awarded as

a sanction for contempt under the Rules of Civil Procedure. See First Mt. Vernon

Indus. Loan Ass’n v. ProDev XXII, LLC, 209 N.C. App. 126, 134, 703 S.E.2d 836, 841

(2011) (overturning sanctions ordered under Rule 45 for failing to respond to a

subpoena because the contemnor was not a party to the action, but noting the court

could have awarded attorney’s fees and costs had plaintiffs moved to compel

defendant under Rule 37). Consequently, we affirm the trial court’s award of

attorney’s fees and costs to Plaintiff.

 -9-
 LI V. ZHOU

 Opinion of the Court

C. Proper Purpose

 Finally, Defendant argues the trial court erred in requiring him to appear for

his deposition. He contends there was no proper purpose for a deposition after the

entry of default against him. He is mistaken. Entry of default does not establish an

amount of monetary damages or equitable relief. A plaintiff is entitled in advance of

a hearing to inquire as to facts to establish the amount of damages in a default and

inquiry hearing.

 Rule 26 of the North Carolina Rules of Civil Procedure sets a broad scope for

discovery, providing the “[p]arties may obtain discovery regarding any matter, not

privileged, which is relevant to the subject matter involved in the pending action,

whether it relates to the claim or defense of the party seeking discovery or to the

claim or defense of any other party[.]” N.C. Gen. Stat. § 1A-1, Rule 26(b)(1) (2015).

 Plaintiff requested both actual and punitive damages and asked the court to

impose a constructive trust to transfer title of the investment property at issue in this

case back to Plaintiff. As the amount of damages and the state of title to the property

remained unresolved by the default judgment, we conclude the trial court did not

abuse its discretion in requiring the Defendant to appear at a deposition.

 AFFIRMED.

 Judge BRYANT concurs.

 Judge DIETZ concurring in separate opinion.

 - 10 -
No. COA16-755 – Li v. Zhou

 DIETZ, Judge, concurring.

 I concur in the judgment in this case but note that the record does not disclose

whether the transcript of the 8 December 2015 hearing (which is designated in the

record on appeal) does not exist, or whether it exists but due to inadvertence was

never electronically filed in this Court. I am willing to consider rehearing the case

under Rule 31, with the benefit of the missing transcript, if that transcript was

requested and prepared before the Court docketed this appeal but was inadvertently

omitted from the record.