HUNTER, JR., Robert N., Judge.
*23 Heng Q. Zhou ("Defendant") appeals the 11 April 2016 order by Judge David L. Hall in Forsyth County Superior Court holding him in contempt of court and ordering him to pay Sen Li's ("Plaintiff") attorney's fees and costs related to his missed depositions and subsequent failure to comply with a court order. After review, we affirm the trial court's order.
*522 I. Facts and Background
On 13 June 2014, Plaintiff filed a verified complaint alleging civil conspiracy, actual fraud, constructive fraud, and unjust enrichment against Defendant and Ping Chung ("Chung"). Li sought to recover formerly foreclosed investment property in Greensboro, North Carolina, along with actual and punitive damages. Plaintiff and Defendant purchased the property in 2003 and gave a promissory note and deed of trust to the sellers. Defendant allegedly convinced the sellers to assign the note and deed of trust to Chung without notifying Plaintiff. Plaintiff claimed this caused her to send monthly payments to the wrong party, resulting in default on the note and then foreclosure.
Chung timely filed an answer denying all allegations. Defendant, however, failed to timely respond. Plaintiff moved for entry of default *24 against Defendant on 20 August 2014, and the clerk filed an entry of default. Thereafter, on 15 April 2015, Plaintiff voluntarily dismissed her claims against Chung.
To establish evidence of her damages, Plaintiff noticed Defendant's deposition for 13 May 2015. In addition, Plaintiff subpoenaed Defendant for this deposition, with notice given by personal service on Defendant by the county sheriff. On 13 May 2015, Defendant appeared at the deposition. At that time, Plaintiff's counsel agreed to continue the deposition until 29 May 2015 in order to hire a Chinese interpreter.
On 14 May 2015, Plaintiff noticed Defendant's deposition for 29 May 2015. Plaintiff subpoenaed Defendant for this deposition by personal service on Defendant. Defendant failed to appear.
On 26 June 2015, Plaintiff filed a verified motion to show cause why Defendant should not be held in contempt for failure to appear at the 29 May 2015 deposition. The motion was scheduled for 10 August 2015. Defendant did not appear for the hearing, and was subsequently held in civil contempt for "failing to appear and fully testify" at the 13 May and 29 May 2015 depositions. In an order filed 11 August 2015, the court ordered Defendant to be deposed on 26 August 2015 and obtain and pay the cost of an interpreter. Finally, pursuant to Rule 37(d) of the North Carolina Rules of Civil Procedure, the court ordered Defendant to pay Plaintiff's attorney's fees of $3,176.00 and costs of $379.00 incurred in scheduling, preparing, and appearing at the two depositions. When Defendant failed to comply, Plaintiff filed a second verified motion to show cause. A show cause hearing was scheduled for the week beginning 30 November 2015.
Defendant appeared at the 30 November 2015 calendar call and indicated he did not understand English. When the judge scheduled a hearing to be held on 1 December 2015, Defendant indicated in English that he understood. At the 1 December hearing, Defendant appeared but "refused to answer questions posed by the Court."
Subsequently, on 2 December 2015, the court found Defendant willfully failed to comply with the court orders and could have taken "reasonable measures that would enable him to comply" with these orders. The court found Defendant understood English and was able to understand the proceedings. Further, Defendant "failed to show the Court any reason as to why he should not be held in contempt of Court." The trial court concluded Defendant was in civil contempt of Court and ordered him to appear for questioning in open court on 8 December 2015 with a Chinese interpreter and all costs taxed to his expense.
*25 Defendant appeared at the 8 December 2015 hearing and was deposed through an interpreter. Unfortunately, the record does not contain a transcript of these or any other court proceedings. On 11 April 2016, the trial court issued an order regarding the 8 December 2015 hearing, making the following findings of fact:
10. During the defendant's deposition taken in open court on December 8, 2015 the Defendant testified that he owned 4 vans and that Defendant regularly made trips to Harrah's Casino in Cherokee, North Carolina to gamble.
....
12. Defendant testified that he did not testify at the May 13, 2015 deposition and appear at May 29, 2015 deposition because *523 he was seeking medical treatments for cancer.
13. The Court allowed the defendant to provide a medical excuse or other documentation that would show good cause why he did not appear and testify at deposition as described above. The defendant provided the Court with a manila envelope containing several documents apparently printed on a medical provider's stationary, but none of which was sufficient to show good cause why the defendant did not appear and testified on the subject dates.
The trial court concluded Defendant's failure to comply with the 11 August 2015 order "appears to be willful in that he has made no payment to Plaintiff pursuant to the Order to Appear at Deposition and For Attorney's fees, and that based upon his testimony the Defendant appears to have sufficient funds and assets to do so." The court ordered Defendant to pay Plaintiff's attorney's fees and costs related to the two missed depositions, related motions, and hearings in the amount of $7,584.00. The court also ordered Defendant to pay the cost of his interpreter in the amount of $492.30. Finally, the court ordered Defendant to appear on 6 June 2016 for review to determine whether he complied with the order.
Defendant filed his notice of appeal on 11 May 2016, naming the 11 April 2016 order, and "to the extent necessary" to appeal the 11 April order, the 2 December and 11 August 2015 orders.
II. Jurisdiction
"As a general rule, an order compelling discovery is not immediately appealable because it is interlocutory and does not affect a substantial *26 right which would be lost if the ruling is not reviewed before final judgment." Wilson v. Wilson , 124 N.C.App. 371, 374, 477 S.E.2d 254, 256 (1996). However:
when a civil litigant is adjudged to be in contempt for failing to comply with an earlier discovery order, the contempt proceeding is both civil and criminal in nature and the order is immediately appealable for the purpose of testing the validity of both the original discovery order and the contempt order itself where, as here, the contemnor can purge himself of the adjudication of contempt only by, in effect, complying with the discovery order of which he essentially complains.
Willis v. Duke Power Co. , 291 N.C. 19, 30, 229 S.E.2d 191, 198 (1976). Because Defendant may only purge himself of contempt by complying with the 11 April 2016 order, appeal of all three orders named in the notice of appeal is properly before this Court.
III. Standard of Review
Defendant contends the trial court relied on incompetent evidence in its 11 April 2016 order holding him in contempt. This Court's review of a contempt order is "limited to determining whether there is competent evidence to support the findings of fact and whether the findings support the conclusions of law." Williams v. Chaney , --- N.C.App. ----, ----, 792 S.E.2d 207, 209 (2016). "In contempt proceedings the judge's findings of fact are conclusive on appeal when supported by any competent evidence and are reviewable only for the purpose of passing on their sufficiency to warrant the judgment." Clark v. Clark , 294 N.C. 554, 571, 243 S.E.2d 129, 139 (1978).
Defendant also asserts the trial court committed errors of law when it required him to appear for a deposition with no proper purpose, and when it required him to pay Plaintiff's legal fees and costs as a condition of purging contempt. "It is a general rule that orders regarding matters of discovery are within the discretion of the trial court and will not be upset on appeal absent a showing of abuse of discretion." Hudson v. Hudson , 34 N.C.App. 144, 145, 237 S.E.2d 479, 480 (1977). An error of law is by definition an abuse of discretion. Cooter & Gell v. Hartmarx Corp , 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359, 382 (1990) ("A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.");
*27 Hunter v. Earthgrains Co. Bakery , 281 F.3d 144, 150 (4th Cir. 2002) ("Of course, an error of law by a district court is by definition an abuse of discretion.").
*524 IV. Analysis
A. Findings of Fact
Defendant challenges the 11 April 2016 order, contending there was no competent evidence to support the findings (1) Defendant willfully disobeyed the 11 August 2015 order to appear for deposition and (2) Defendant lacked good cause for failing to appear at the missed depositions. Unfortunately, Defendant failed to order a transcript of any of the hearings in this case, including the 8 December 2015 hearing. As a result, we are unable to review the evidence Defendant contests.
North Carolina Rule of Appellate Procedure 9(a) states appellate "review is solely upon the record on appeal[.]" In compiling the record, the parties must provide
so much of the litigation, set out in the form provided in Rule 9(c)(1), as is necessary for an understanding of all issues presented on appeal, or a statement specifying that the verbatim transcript of proceedings is being filed with the record pursuant to Rule 9(c)(2), or designating the portions of the transcript to be so filed[.]
N.C.R. App. P. 9(a)(1)(e) (2016). The burden is on the appellant to "commence settlement of the record on appeal, including providing a verbatim transcript if available." State v. Berryman, 360 N.C. 209, 216, 624 S.E.2d 350, 356 (2006).
The North Carolina Rules of Appellate Procedure are "mandatory and not directory." Reep v. Beck , 360 N.C. 34, 38, 619 S.E.2d 497, 500 (2005) (internal quotation marks and citation omitted). While "every violation of the rules does not require dismissal of the appeal or the issue," State v. Hart , 361 N.C. 309, 311, 644 S.E.2d 201, 202 (2007), dismissal for a non-jurisdictional error may be proper, depending on "whether and to what extent the noncompliance impairs the court's task of review and whether and to what extent review on the merits would frustrate the adversarial process." Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co. , 362 N.C. 191, 200, 657 S.E.2d 361, 366-67 (2008).
Here, Defendant designated in the record the transcript of his 8 December 2015 hearing would be filed with this Court, but failed to file the transcript as required by N.C.R. App. P. 9(c)(3)(b). Although his error is non-jurisdictional, the evidence Defendant challenges as insufficient *28 is not before us in the record. Consequently, we cannot review the trial court's decision and dismiss this issue.
B. Attorney's Fees and Costs
Defendant argues the trial court committed reversible error when it required him to pay Plaintiff's legal fees and costs related to the missed depositions and subsequent litigation as a condition of purging himself of contempt. Defendant is mistaken.
Courts can award attorney's fees in contempt matters when specifically authorized by statute. Blevins v. Welch , 137 N.C.App. 98, 103, 527 S.E.2d 667, 671 (2000). The trial court based its sanctions on North Carolina Rule of Civil Procedure 37(d), which provides when a party has failed to attend a deposition, "the court shall require the party failing to act to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." N.C. Gen. Stat. § 1A-1, Rule 37(d) (2015). This Court has previously recognized when a party to an action fails to comply with a discovery order, attorney's fees may be awarded as a sanction for contempt under the Rules of Civil Procedure. See First Mt. Vernon Indus. Loan Ass'n v. ProDev XXII, LLC , 209 N.C.App. 126, 134, 703 S.E.2d 836, 841 (2011) (overturning sanctions ordered under Rule 45 for failing to respond to a subpoena because the contemnor was not a party to the action, but noting the court could have awarded attorney's fees and costs had plaintiffs moved to compel defendant under Rule 37 ). Consequently, we affirm the trial court's award of attorney's fees and costs to Plaintiff.
C. Proper Purpose
Finally, Defendant argues the trial court erred in requiring him to appear for his deposition. He contends there was no proper *525 purpose for a deposition after the entry of default against him. He is mistaken. Entry of default does not establish an amount of monetary damages or equitable relief. A plaintiff is entitled in advance of a hearing to inquire as to facts to establish the amount of damages in a default and inquiry hearing.
Rule 26 of the North Carolina Rules of Civil Procedure sets a broad scope for discovery, providing the "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party[.]" N.C. Gen. Stat. § 1A-1, Rule 26(b)(1) (2015).
*29 Plaintiff requested both actual and punitive damages and asked the court to impose a constructive trust to transfer title of the investment property at issue in this case back to Plaintiff. As the amount of damages and the state of title to the property remained unresolved by the default judgment, we conclude the trial court did not abuse its discretion in requiring the Defendant to appear at a deposition.
AFFIRMED.
Judge BRYANT concurs.
Judge DIETZ concurring in separate opinion.